### CENTRAL OF GEORGIA RAILWAY COMPANY *v.* ALFORD.

PER CURIAM. 1. All railroad companies shall be sued in the county in which the cause of action originated for injury to person or property, if such companies have an agent in that county. But if the cause of action arises in a county where the railroad company has no agent, then suit may be brought in the county of the residence of said defendant company. Civil Code, § 2798.

2. "If the company have no agent in the county in which the cause of action originated, the action may nevertheless be brought in that county,

the court having power to perfect service upon the defendant." *Mitchell* v. *Southwestern R.*, 75 *Ga.* 398; *Devereux* v. *Atlanta &c. R. Co.*, 111 *Ga.* 855 (36 S. E. 939); *Coakley* v. *So. Ry. Co.*, 120 *Ga.* 960 (2) (48 S. E. 372); *Ga. R. & Bkg. Co.* v. *Bennefield*, 138 *Ga.* 670, 672 (75 S. E. 981).

(*a*) The superior court of that county having jurisdiction if there were no provision in the statute, by necessary implication it would have the right to assert its jurisdiction by causing its process to be served on the proper officer of the corporation in person, if a resident in this State, by means of a second original and process. *Mitchell* v. *Southwestern R.*, supra.

3. The principles stated in the next preceding headnote were ruled prior to the passage of the act of 1912 (Georgia Laws 1912, p. 66) which undertook to amend the Civil Code (1910), § 2798. It appears, therefore, that the amendment was wholly unnecessary in so far as the same affected suits against railroad companies. The service by means of the second original on the president of the railroad company in Chatham County was therefore legal and sufficient, independently of the act of 1912. It becomes unnecessary, therefore, to decide the question of constitutionality of that act in so far as it applies to service on railroad companies, as made in the demurrer.

4. The petition set out a cause of action, and the court did not err in overruling the general demurrer.

5. Section 2777 of the Civil Code (1910) reads as follows: "Any common carrier, railroad, or transportation company, receiving property for transportation between points wholly within this State, shall issue a receipt or bill of lading therefor, and shall be liable to the holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass; and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability herein imposed: Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." That section is applicable to the contracts involved in this case. So construing the statute and applying it to this case, the charge complained of is not error. GILBERT, J., dissents.

6. The verdict is supported by evidence. HILL and GILBERT, JJ., dissent.

*Judgment affirmed. All the Justices concur, except, as indicated above.*

No. 3279. JANUARY 26, 1923.

Action for damages. Before Judge Park. Putnam superior court. May 29, 1922.

On February 25, 1919, Alford brought suit in Putnam superior court, against the Central of Georgia Railway Company, for the recovery of $1268.82 on account of shortage in a shipment of cottonseed from Eatonton to Macon, Ga., made by him on December 26, 1917. The petition alleged, that the lines of the rail-

way company were, at the time of filing the suit, being operated by W. D. Hines, director-general; that the defendant did not have at that time an agent in Putnam county upon whom service could be perfected; that its principal office and place of business was located in Chatham County, Georgia; that petitioner had filed with the agent of defendant a verified notice of the claim, as required by section 2778 of the Civil Code; and that defendant had failed and refused to adjust the claim. There was a prayer that second original be issued and served upon the president of the railway company in Chatham County. The defendant demurred to the petition, on the grounds: (1) that no cause of action is set forth; (2) that section 2798 of the Civil Code, prior to the act of August 17, 1912, amending the same, provided that where a defendant railroad company had no agent in the county where the action arose, then suit might be brought in the county of its residence; and it appears from the petition that defendant had no agent. in Putnam County, and that its principal office was in Chatham County; (3) that there is no valid statute authorizing the service of a second original upon defendant; (4) that the act approved August 17, 1912, violates article 3, section 7, paragraph 8, of the constitution of Georgia, because said act contains matter different from what is expressed in its title, in that the title does not suggest that the venue of suits against railroad companies, as fixed by Civil Code section 2798, will be changed, whereas section 3 of said act provides that if the cause of action arises in a county where the railroad company has no agent, then service may be perfected by the service of second original, copy to be served upon said company in the county of its principal office and place of business, etc. The demurrer was overruled; and the case was tried, resulting in a verdict for the plaintiff. Error was assigned upon exception pendente lite to the overruling of the demurrer, and upon the overruling of the defendant's motion for a new trial. The motion consists of the general grounds that the verdict is contrary to the law and the evidence; and of one special ground which complains of the following charge to the jury: "The bill of lading that was issued by the Central Railway Company will be out before you; and the court charges you that by the terms of that bill of lading they were bound to deliver all the cottonseed

that were placed in that car by Mr. Alford at Eatonton, Georgia, to the Buckeye Cotton Oil Company, or in the possession of any other railroad other than the Central of Georgia Railroad Company that the Central of Georgia Railway Company may have delivered it to under this section of the code I have read to you; the Central of Georgia Railway Company would be responsible for such loss, provided you reach the conclusion there was any loss; because, under the terms of that bill of lading, the Central of Georgia Railway Company obligated itself to deliver to the Buckeye Cotton Oil Company whatever seed were delivered by the Central of Georgia Railway Company; and if any loss to the seed was occasioned by the negligence of the Central of Georgia Railway Company or by any railway company that the Central of Georgia Railway Company may have delivered this car to, under this section of the code the court charges you the Central of Georgia Railway Company would be responsible, provided there was any loss." Movant's contention was that this charge was error for the reason that "under the evidence its contract was to transport the said car of seed from Eatonton to Macon; and that delivery was complete, and the defendant's liability ceased, when delivery was made according to custom and agreement to the Southern Railway, which at the instance and request of the consignee performed switching services in placing the said car upon a siding at the consignee's plant, for which service a charge was assessed and paid by the consignee, all of such charge being paid to the Southern Railway, and none to the defendant; . . that while said charge states an abstractly correct principle, and one which is applicable to a through bill of lading, it is not applicable to intracity movements, . . where one railway company receives the entire freight charge and another performs switching services under custom or agreement, receiving from the consignee a special compensation therefor."

*T. M. Cunningham, M. F. Adams,* and *Stubbs & Duke,* for plaintiff in error.

*Davidson & Callaway,* contra.