23799. DeLOACH *v.* SOUTHEASTERN GREYHOUND LINES.

DECIDED SEPTEMBER 20, 1934.

*G. N. Bynum,* for plaintiff.
*Haas, Gambrell & Gardner, Irving S. Nathan,* for defendant.

STEPHENS, J. Miss Mary Lou DeLoach instituted suit in the city court of Atlanta against the Southeastern Greyhound Lines Incorporated, to recover damages for personal injuries alleged to have been received by her in Clayton county, Georgia, while a passenger in a bus operated by the defendant, alleged to have been due to its running into an embankment as a result of the defendant's negligent operation of the bus at a high rate of speed with defective steering apparatus and defective brakes. The petition alleged that the defendant was a corporation having an office and place of business in the county of Fulton, and officers and agents in charge of its business in that county, and that the defendant was subject to

the jurisdiction of the court. The petition as amended alleged that the acts causing the injuries complained of took place in Clayton county, Georgia, and that the defendant was a foreign corporation. A demurrer to the petition as amended, upon the ground that it appeared upon its face that the court in which the suit was filed did not have jurisdiction thereof, was sustained and the petition dismissed. The plaintiff excepted.

A foreign corporation, except as otherwise prescribed by statute, is subject to suit upon any cause of action, whether originating in this State or otherwise, in any county in this State in which it may do business and can be served. Civil Code (1910), §§ 2258, 5531. *City Fire Insurance Co.* v. *Carrugi,* 41 *Ga.* 660; *Williams* v. *East Tennessee, Virginia & Georgia Ry. Co.,* 90 *Ga.* 519 (16 S. E. 303) ; *Reeves* v. *Southern Railway Co.,* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207) ; *Cincinnati, New Orleans & Texas Pacific Railway Co.* v. *Pless,* 3 *Ga. App.* 400 (2a) (60 S. E. 8). Section 2798, which provides that "all railroad and electric companies shall be sued in the county in which the cause of action originated by any one whose person or property has been injured by such railroad or electric company," including foreign corporations doing business in this State, as was held in *Devereux* v. *Atlanta Ry. &c. Co.,* 111 *Ga.* 855 (36 S. E. 939), and *Coakley* v. *Southern Railway Co.,* 120 *Ga.* 960 (48 S. E. 372), does not, by its terms, apply to motor-carriers for hire, either domestic or foreign, doing business in this State but applies to railroads and electric companies only. The act approved August 27, 1931 (Ga. L. 1931, p. 199), regulating motor common carriers, wherein it is provided, in section 13, that "action against motor common carriers, except in those cases where the constitution of this State otherwise provides, may be brought and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued upon a like cause of action," is not to be construed as mandatory as respects the venue of a tort action against a motor common carrier being in the county in which the cause of action originated. The same is true of section 13 of an act approved March 31, 1931, regulating motorcarriers for hire (Ga. L. 1931, Ex. Sess. p. 99), wherein it is provided that "action may be maintained against any corporation operating under this act in any county in this State where any ac-

cident or other liability arises and where there is no agent of such corporation against whom suit is brought in the county where the right of action arises." The word "may," as used in these two statutes, does not provide for the performance of some act which justice or the public good requires. It must therefore be construed as permissive and not as mandatory. *Smith* v. *State Board of Medical Examiners*, 46 *Ga. App.* 456 (167 S. E. 769). Section 2259 of the Civil Code of 1910, which provides generally that the venue of tort actions against corporations shall be in the county where the cause of action originated, is expressly limited to corporations "chartered by authority of this State." There is no provision in any statute of this State mandatorily fixing the venue in the county in which the cause of action arises of actions in tort for injuries to person or property resulting from the negligent operation of motor-carriers in this State by foreign corporations doing business in this State.

It appearing from the petition as amended that the defendant was a foreign corporation transacting its business within the county of Fulton in this State, and having an office and place for the transaction of its business and officers and agents in charge of its business in that county, and was not a railroad company or an electric company, the defendant is subject to be sued in that county, notwithstanding the cause of action may have originated in another county within this State. The court therefore erred in sustaining the defendant's demurrer to the petition.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*