### 24259. HARRISON *v.* NEEL GAP BUS LINE INC.

GUERRY, J. 1. "A direct bill of exceptions will lie to a ruling of a trial court directing a verdict." *Webb* v. *Hicks,* 117 *Ga.* 335 (43 S. E. 738); *Legere* v. *Blakely Gin Co.,* 11 *Ga. App.* 325 (75 S. E. 163). An assignment of error, contained in a bill of exceptions, as follows: "To the ruling of the court directing said verdict for the defendant, Neel Gap Bus Line, against plaintiff in error, plaintiff in error excepted, now excepts and assigns the same as error upon the ground 'there were issues of fact to be tried under the pleadings and the evidence in said case that should have been determined by the jury, and the court's directing said verdict was error because same was contrary to law," is sufficiently definite to present to this court the question of whether or not the trial judge erred in directing a verdict. See *Bosworth* v. *Nelson,* 172 *Ga.* 612 (158 S. E. 306); *Manning* v. *Gettys,* 48 *Ga. App.* 203 (172 S. E. 571). BROYLES, C. J., dissents.

2. A suit may be instituted against a "common motor carrier" in the county of its principal place of business, for an injury caused by it in another county. The provision of the act of the General Assembly of 1931 (Ga. L. 1931, p. 205) in section 13 thereof, as follows: "Action against motor common carriers, except in those cases where the constitution of this State otherwise provides, *may be brought* [italics ours] and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued upon a like cause of action," does not make mandatory the bringing of such action against a motor common carrier in the county where the cause of action originated, but is purely permissive and cumulative. *DeLoach* v. *Southeastern Greyhound Lines,* 49 *Ga. App.* 662 (176 S. E. 518). Even were the above act held mandatory, as was section 2798 of the Civil Code of 1910, with reference to railroad companies, the superior court of Hall county, the residence of Spain, would have jurisdiction, for joint tort-feasors may be sued in the residence of the county of either. See *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250).

3. It is clearly apparent from a reading of the evidence in this case that there was sufficient evidence before the jury for them to determine whether or not the defendant motor carrier was liable for the negligence of the driver of the car who caused the injuries complained of. It was therefore error for the trial judge to direct a verdict in favor of the defendant.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

DECIDED APRIL 15, 1935.

*W. V. Lance, Joseph G. Collins,* for plaintiff.

*J. B. Jones, Joseph H. Blackshear, C. H. Edwards,* for defendant.

BROYLES, C. J., dissenting. Where a case has been tried by a jury and a verdict directed and returned therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable; and, where there is no motion for a new trial, "an assignment of error complaining that the court erred in directing a verdict is insufficiently specific to present to this court the question whether the court erred in directing a verdict, unless it is alleged that the court erred because there were issues of fact which should have been submitted to a jury *and evidence introduced which would have authorized a jury to find a different verdict from that directed by the court."* (Italics ours.) *Bosworth* v. *Nelson,* 172 *Ga.* 612 (supra). Measured by the foregoing "yardstick," the assignment of error on the direction of the verdict in the instant case is not sufficiently "specific to present to this court the question whether the court erred in directing a verdict;" and there being no motion for a new trial, this

court can not pass upon the sufficiency of the evidence to support the verdict. The judgment should be affirmed. *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321); *Nuckolls* v. *Jordan*, 49 *Ga. App.* 79 (174 S. E. 250).