24738. TENNESSEE COACH COMPANY v. SNELLING.

DECIDED JUNE 20, 1935.

H. H. Anderson, for plaintiff in error.

C. N. King, Leonard Farkas, Waller H. Burt, contra.

GUERRY, J. Snelling brought his action against the Tennessee Coach Company, a foreign corporation, alleging that it was a motor common carrier engaged in interstate commerce and operating a motor-bus between Atlanta, Georgia, and Knoxville, Tennessee; that plaintiff was a passenger for hire in a vehicle operated by it, and was injured by the negligence of the company through its agents in Murray county, Georgia. The petition alleged that the defendant had an office and agent in Fulton county, Georgia, and that said company designated J. W. Culpepper, of Fayette county, Georgia, as a person on whom service might be perfected. One of the points raised by defendant's demurrer was that the superior court of Murray county did not have jurisdiction of the case.

The defendant is alleged to be a foreign corporation, operating as a motor common carrier in this State. The motor common-carrier act (Ga. L. 1931, pp. 199-213) provides: "Action against motor common carriers, except in those cases where the constitution of this State otherwise provides, may be brought and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued upon a like cause of action." As to the venue of suits against railroad companies, our Code provides: "All railroad . . companies shall be sued by any one whose person or property has been injured

by such railroad . . company, its officers, agents, or employees, for the purpose of recovering damages for such injuries, in the county in which the cause of action originated." Code of 1933, § 94-1101. The right of the legislature to fix the residence of a corporation for the purpose of suit has been several times affirmed by our courts. See *Davis* v. *Central R. &c. Co.,* 17 *Ga.* 323; *Gilbert* v. *Ga. R. &c. Co.,* 104 *Ga.* 412 (30 S. E. 673); *Youmans* v. *Hickman,* 50 *Ga. App.* 260 (177 S. E. 238). In the case at bar the tort was alleged to have been committed in Murray county. The cause of action having there originated, the superior court of Murray county, under the act above quoted, had jurisdiction of the suit. The motor common carrier act does not make it mandatory that the action be brought in the county where the cause of action originated, as in case of railroad companies (*Youmans* v. *Hickman,* supra), but is merely permissive, and if a foreign corporation operating as a motor common carrier has no agent in the county where the cause of action originated, suit may be served on the person designated by it to receive service; and this is true although such corporation may have an agent and place of business in some other county in this State.

■ A carrier of passengers is bound to exercise extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers. Civil Code (1910), § 2714. If, after entering into the relation of carrier for hire and passenger, the servant of the carrier be guilty of any negligence resulting in a breach of duty owing to the passenger, the carrier will be liable for nominal damages at least. *Williamson* v. *Central of Ga. Ry. Co.,* 127 *Ga.* 125 (56 S. E. 119). In *Goddard* v. *Watters,* 14 *Ga. App.* 722 (82 S. E. 304), it was said: "No recovery can be had for fright alone caused by negligence merely, unless the negligence is so gross as to show a wanton disregard of consequences on the part of the person causing the injury, and the physical injury resulting is one which would naturally flow as a consequence of the act complained of, so that the defendant must have foreseen the results which followed." .

The petition alleged that the plaintiff, on December 4, 1933, bought a ticket in the station of the defendant company, for transportation from Albany, Georgia, to Knoxville, Tenn.; that after leaving Chatsworth, Hill, the driver, began driving very fast and

recklessly; that Hill was drinking, and three or four miles north of Chatsworth his driving became more reckless, and exceedingly dangerous to human life; that the car was reeling from one side of the road to the other, throwing plaintiff from one side of the bus to the other; that this conduct of Hill so excited and shocked plaintiff's nervous system that his nerves were all to pieces, rendering him almost helpless; that when he regained himself sufficiently he pleaded with Hill to drive carefully, that plaintiff was in a desperate fix, but Hill continued to drink and drive said bus in a reckless manner; that because of this conduct plaintiff was finally forced to quit the bus before he reached his destination; that the conduct of Hill caused plaintiff to have a heavy chill, and so affected his physical condition that when he got off the bus he had to be assisted to his room; and that his condition was known to the driver; that as a result of such fright and shock he now suffers, and will continue to suffer, to such an extent that his earning capacity has been injured in a named sum. We think such conduct on the part of the driver, if the allegation is true, amounted to a wanton disregard of the right and duty owed to the passenger, and was so gross as to show a wanton disregard of consequences, on the part of the person causing the injury. We therefore think the petition sufficient to withstand a general demurrer. See also *Walton* v. *Rankin-Whitten Realty Co.*, 44 *Ga. App.* 288 (161 S. E. 276).

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*