32014. ATLANTA-ASHEVILLE MOTOR EXPRESS *v.* DOOLEY *et al.*

DECIDED OCTOBER 8, 1948. REHEARING DENIED DECEMBER 15, 1948.

*John M. Slaton,* for plaintiff in error.
*W. Harvey Armistead, Marvin A. Allison, Alton G. Liles,* contra.

GARDNER, J.  C. W. Dooley brought suit against Atlanta-Asheville Motor Express Incorporated, Fidelity and Casualty Company of New York, and L. P. Medley in the Superior Court of Gwinnett County.  The suit is one against a motor common carrier, operating through Gwinnett County, transporting freight in interstate commerce, and is for alleged damages to the plaintiff's person and property caused by the negligent operation in Gwinnett County of the common carrier's motor vehicle by its servant and driver, L. P. Medley, in the operation of said vehicle in transporting freight for the common carrier.  The motor common carrier is a Georgia corporation, with its principal office and place of business in Atlanta, Fulton County, Georgia, and its driver, Medley, is a resident of Atlanta, Fulton County, Georgia.  Fidelity and Casualty Company of New York is a foreign corporation, doing business in this State, and has an agent upon whom service can be perfected in Atlanta, Fulton County, Georgia.  The injured person brought his action against the motor common carrier, the driver of its motor vehicle, and the insurance carrier of the motor common carrier, and judgment was sought against the named defendants "or against all" in a named sum, and the plaintiff prayed that second originals issue as provided by law for service on the three named defendants at their respective addresses in Fulton County, Georgia.  The three defendants demurred separately to the petition on the ground that it appeared from the petition that Gwinnett Superior Court was without jurisdiction but that Fulton Superior Court had jurisdiction of the parties.  The three defendants also separately demurred to the petition on the ground that no cause of action was set forth against the demurrant, and also demurred specially on the ground of a misjoinder of parties, and also demurred specially to certain paragraphs, and particularly by demurrer 7 to paragraph 10 setting up damages sustained, in that the plaintiff, a contractor, was because of said accident prevented from constructing certain houses, from which he would have derived a profit of $6000, as being too vague and indefinite and as seeking to recover purely speculative profits as damages, and as not constituting a proper item of damages.

The trial judge overruled these demurrers and the defendants excepted, each suing out separate writs of error.

1. "Action against motor common carriers, except in those cases where the Constitution otherwise provides, may be brought and maintained in any county . . where the action could be brought if the defendant were a railroad company being sued upon a like cause of action; and if the defendant or defendants or any of them shall not be found for service in the county . . where the action is brought, second original or originals may issue and service be made in any other county where the service can be made upon the defendant or defendants or his, its or their agents. This provision shall apply to motor common carriers whether engaged in interstate commerce or not." Code, § 68-618 (Ga. L. 1931, pp. 199, 205). "All railroad . . companies shall be sued by anyone whose person or property has been injured by such railroad . . company, its officers, agents, or employees, for the purpose of recovering damages for such injuries, in the county in which the cause of action originated. . . If the cause of action shall arise in a county where the railroad . . company liable to suit has no agent, service may be perfected by the issuance of a second original to be served upon said company in the county of its principal office and place of business, if in this State, and if not, on any agent of such company, or suit may be brought in the county of the residence of such company." Code, § 94-1101.

In *Tennessee Coach Co.* v. *Snelling,* 51 *Ga. App.* 423 (180 S. E. 741), it was held that "The right of the legislature to fix the residence of a corporation for the purpose of suit has been several times affirmed by our courts. . . In the case at bar the tort was alleged to have been committed in Murray County. The cause of action having there originated, the Superior Court of Murray County, under the act above quoted, had jurisdiction of the suit." The court then held that suit could be brought under this Code provision "although such corporation may have an agent and place of business in some other county in this State." If there is an agent of the railroad company in the county where the cause of action arose, jurisdiction of the action in that county is mandatory, but it is elective with the person injured as to whether he shall bring his action in the county where the cause of action originated or in the county where the company has its principal place of business or the county of its

residence, where there is no agent of the defendant railroad company in the county where the cause originated. See *Devereux* v. *Atlanta Ry. &c. Co.*, 111 *Ga.* 855 (36 S. E. 939); *Mitchell* v. *Southwestern R.*, 75 *Ga.* 398; *Central of Ga. R. Co.* v. *Alford*, 154 *Ga.* 863 (115 S. E. 771). In *Georgia R. & Bkg. Co.* v. *Bennefield*, 138 *Ga.* 670, 672 (75 S. E. 981), it is ruled that, "If the company have no agent in the county in which the cause of action originated, the action may nevertheless be brought in that county, the court having the power to perfect service on the defendant" by second original; and the court held that such ruling is not "contrary to the provisions of the State Constitution that all civil cases, except those enumerated shall be tried in the county where the defendant resides."

So, under the Code, § 94-1101, it is clear that its provisions apply to "all railroad . . companies," without regard to whether they are corporate companies or not, and without regard to whether they are domestic or foreign. The statute reads that, where the railroad company has an agent in the county where the cause arose, suit shall be brought therein, but that, where the company has no agent there, the person injured can sue the railroad where it has its principal place of business or in the county of its residence. A foreign corporation would have no residence here. This statute provides that, if the carrier by rail has no agent in the county where the accident took place, then the plaintiff may sue the company in that county and service may be perfected by the issuance of a second original "to be served upon said company in the county of its principal office and place of business, if in this State, and if not, on any agent of such company, or. suit may be brought in the county of the residence of the company."

Motor vehicle transportation became affected with a public interest and the State undertook to regulate the same as a public utility. The Motor Common Carrier Act of 1931 placed the common carriage of freight and passengers by motor vehicle over the highways of this State under the regulation and control of the Public Service Commission of this State along with other common carriers and public utilities. This act (Code, §§ 68-601 et seq.), provides that an action for damages growing out of the negligent operation of a motor vehicle can be brought "in any county . . where the action could be brought if the defendant

were a railroad company being sued upon a like cause of action"; and therefore suit could be brought against the motor common carrier in the county where the action originated and service perfected by the issuance of a second original, the same to be served on the carrier at its principal place of business. See Code, § 68-618. No distinction is made as to domestic and foreign corporations. It is to be borne in mind that we are dealing with a public service corporation and not a private business corporation.

Under Code § 94-1101 a joint and several action can be brought against a railroad company and another tort-feasor, and as against the railroad company and its employee, conductor or engineer; and the suit can be brought in the county where the cause of action originated and service perfected by second original. This is true even though neither defendant resides or has an agent in that county. See *Southern R. Co.* v. *Grizzle*, 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191); *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250). The same principle is applicable to a suit against a motor common carrier and the driver of its motor vehicle for a tort. See *Boone Company* v. *Owens*, 51 *Ga. App.* 739 (181 S. E. 519).

So where a motor common carrier is a domestic corporation, and through the negligence of its driver the plaintiff is injured in Gwinnett County, the person injured may bring an action for damages against the common carrier in the county where the cause of action originated, joining as a defendant the servant of the motor common carrier with such carrier, and service may be perfected upon both the carrier and its driver, where neither resides in the county where the cause of action originated.

Furthermore, where the insurance carrier of the motor common carrier is a non-resident corporation, with an agent for service in this State, though not in the county where the cause of action against the motor carrier originated, such insurance carrier may be joined with the motor carrier and its driver and service perfected as provided in Code § 68-618. The present action was properly brought in Gwinnett Superior Court and there was no misjoinder of parties defendant in that court.

No attack is made upon the validity of Code § 68-618, and § 94-1101, applying to all railroad companies, has been upheld.

*Davis* v. *Central &c. Co.*, 17 *Ga.* 323; *Central Ga. Power Co.* v. *Stubbs*, 141 *Ga.* 172 (80 S. E. 636). There is nothing in the Constitution to the contrary of what is now ruled.

There was no misjoinder of parties defendant. The plaintiff brought suit against the three defendants named. It was alleged that the defendant driver of the motor vehicle of the motor common carrier, while operating such vehicle under the influence of intoxicants, negligently drove the same at 35 miles an hour and did not have the same under control, in violation of law, while transporting freight for the motor common carrier; and that as a result of such negligence he ran such motor vehicle into the rear of the plaintiff's automobile, causing the damages sued for. It being alleged that the driver of the motor vehicle was engaged in carrying out the duties of his employment as a driver of such vehicle at the time of the accident, and it appearing that the casualty company was the insurance carrier of the motor carrier, the action was properly brought against the three named defendants. There was no misjoinder of parties defendant. "If a policy of indemnity insurance is given" by a motor common carrier of freight in this State "in lieu of a bond, it shall be permissible to join the motor common carrier and the insurance carrier in the same action, whether arising in tort or contract." See Code, § 68-612, as amended by the act of 1937 (pp. 730, 731).

The petition was not subject to general demurrer. The plaintiff alleged that he was proceeding along a public highway in Gwinnett County, when his car was struck from behind by a motor vehicle of the defendant motor carrier, being operated by the defendant Medley while intoxicated and while operating said vehicle at a speed in violation of law and without having the same under control and operating same recklessly.

The petition was not subject to demurrer because the rules and regulations of the Georgia Public Service Commission were not set out. The plaintiff is not required to plead his evidence. A violation by the defendants of the rules of the commission was not the gist of this action, which was based on the negligent operation of a common-carrier vehicle by its driver, while operating on the public highways of this State, in an intoxicated condition and at an unlawful rate of speed.

The allegations of the petition, that the defendant motor car-

rier's driver was operating said motor vehicle while under the influence of intoxicants is not demurrable on the ground that it does not appear from the petition to what extent he was under the influence thereof. Such allegation is not irrelevant, because the action is based on the negligence of the defendant driver. The action is based on the driver's operation of the motor vehicle of the common-carrier defendant while under the influence of intoxicants and in a negligent and careless manner and at an excessive rate of speed, and because he failed to have the vehicle under control, all in violation of law.

The plaintiff may describe the conduct of the driver of the motor vehicle at the time of the alleged accident, and the allegation that the driver drove the vehicle a quarter of a mile before coming to a stop was not subject to the special demurrer urged. Such allegation of fact could be illustrative of the speed of the vehicle and of the driver's control thereof.

Paragraph 10 of the petition was subject to the special demurrer urged thereto. In that paragraph the plaintiff alleged: "That as a result of said injuries petitioner was unable to do any work for a period of approximately six months. That he is a building contractor, and that during said period he could have constructed three or four houses and could have derived a profit therefrom of $6000 or more." These allegations are too vague and indefinite as a basis for the recovery of damages, and the lost profits are too speculative to recover as an item of damage. The court should have sustained this special demurrer to this paragraph, affording the plaintiff an opportunity to amend. *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96 (166 S. E. 673).

The plaintiff may show that because of his injuries, caused by the defendant's negligence, he was unable to perform the duties of his employment, and the jury may consider the same in fixing his damages.

Special demurrer 10 to the allegations of paragraph 15, that "each and every one of the acts of negligence above specified constituted, and do constitute, negligence per se," is well taken. The plaintiff should set out why and wherein such acts of negligence constitute negligence per se. Such allegations are too general and are conclusions without any or sufficient facts on which to base the same.

The remaining grounds of special demurrer are without merit.

*Judgment affirmed with direction that the trial court sustain special demurrers 7 and 10 to the petition, with leave to the plaintiff to amend. MacIntyre, P. J., and Townsend, J., concur.*

ON MOTION FOR REHEARING.

In a motion for rehearing distinguished counsel contends very earnestly that this court in rendering its opinion in the instant case, overlooked the recent opinion of *Benton Rapid Express Co. v. Johnson*, 202 *Ga.* 597 (43 S. E. 2d, 667), and that the principle of law in that case controls the instant case. The writer happens to be very familiar with the facts and the decision in that case. With all due respect and high regard for distinguished counsel, we disagree with him that the principle of law involved in the *Benton Rapid Express Company* case, under its facts, has any relationship to the principle of law which controls in the instant case. For this reason we did not cite that case in the original opinion.