34274.   MODERN COACH CORPORATION *v.* FAVER.

DECIDED OCTOBER 21, 1952—REHEARING DENIED NOVEMBER 19, 1952.

*Burt & Burt,* for plaintiff in error.

*S. B. Lippitt,* contra.

GARDNER, P. J. ■ This was a suit brought by Mrs. J. E. Faver (the defendant in error here), against the Modern Coach Corporation (the plaintiff in error). The action is for damages on account of certain personal injuries sustained by Mrs. Faver as a result of the alleged negligence of the driver of the coach company. The defendant is a corporation, organized and exist-

ing under the laws of Georgia, with its principal office and place of business in Dougherty County, and engaged in the business of transporting passengers by motor vehicles over the roads and highways of Georgia, over regularly established routes, passing through several counties, including Schley County. It appeared from the petition that she was injured when the bus overturned on U. S. Highway 19, some eight miles north of Americus, but in Schley County. The petition did not show that the defendant carrier did not have an agent in Schley County, where the cause of action originated, that is, it did not appear from the allegations of the petition whether or not the coach company had an agent in Schley County, the suit being brought against the corporation in the county of its principal office and place of business, and where it was incorporated, namely Dougherty County.

It is insisted by the defendant motor carrier that the venue of this action, insofar as the petition showed, lies in Schley County, and not in Dougherty County where the suit was filed. This is so, it is contended, because the defendant is a common carrier of passengers and the cause of action originated in Schley County, and it does not appear from the petition that the carrier did not have an agent in Schley County, and that this fact must appear in order for the City Court of Albany to have jurisdiction of the case.

A suit against a common carrier by rail for damages on account of an injury sustained by reason of the negligence of the railroad company in the operation of one of its trains would have to be brought in the county where the injury took place, if the company had an agent in that county. *Central of Ga. R. Co.* v. *Alford,* 154 *Ga.* 863 (115 S. E. 771); *McCall* v. *Central of Ga. R. Co.,* 120 *Ga.* 602 (48 S. E. 157). Otherwise, the action would be futile, the court not having jurisdiction of the case, and any judgment therein would be void. See *Southern Ry. Co.* v. *Brock,* 115 *Ga.* 721 (42 S. E. 65); *Roy* v. *Georgia R. & Bkg. Co.,* 17 *Ga. App.* 34 (86 S. E. 328). And a petition brought in a county other than the county wherein the cause of action originated, which does not show that the carrier has no agent in the county where the accident occurred, would be properly dismissed on demurrer. *Jordan* v. *Georgia S. & F. R. Co.,* 105 *Ga.* 274 (30

S. E. 748); *Gilbert* v. *Georgia R. & Bkg. Co.*, 104 *Ga.* 412 (30 S. E. 673). However, the fact that it is mandatory on a plaintiff to bring such an action against a railroad company in the county where the cause of action arose where it has an agent therein is based upon the fact that Code § 94-1101 provides that all railroad companies *"shall be"* sued by anyone injured by reason of the negligence of its servants in the county in which the injury occurred, whereas Code § 68-618 provides that "Action against motor common carriers, except in those cases where the Constitution otherwise provides, *may be* brought and maintained in any county . . where the action could be brought if the defendant were a railroad company being sued upon a like cause of action." (Italics ours.) There is quite a difference in the use of the verb *"shall be"* in a statute and in the use of the verb *"may be."* The former is mandatory and admits of no choice. The latter is permissive. Therefore, under the motor common carrier law, a motor carrier such as here alleged "may be" sued in the county where the cause of action originated or may be sued in the county where it maintains its principal office and place of business. This is so, regardless of whether the motor carrier has an agent in the jurisdiction wherein the cause of action originated.

The Supreme Court, prior to the amendment to Code § 94-1101, whereby the statute was made mandatory as to bringing the suit in the county where the cause arose if the railroad had an agent in that county, ruled as follows: "By the Constitution, the county in which a defendant is subject to be sued is ordinarily that in which he resides, and no other. . . But a person may be a resident of two or more counties at the same time. . . Where a railroad is not confined to one county, but extends from one to others so as to be partly in several, the owner may, relatively to causes of action arising out of or connected with operating it, be treated by the legislature as residing in each of the several counties in which the road is located. This has been done to a limited extent by certain provisions of the Code. . . Where the owner is a domestic corporation, the general rule of law that it resides, also, where its principal office or place of business is situated, still prevails. The corporation has this common-law residence for general purposes,

in conjunction with the superadded statutory residences for special purposes, which the Code ascribes to it. By making it a resident of each and every county in which the road is located, for the purpose of certain specified suits brought against it, the Code does not make it cease to be a resident of the county in which its principal office or place of business is located, for all purposes whatsoever, including the same classes of suits which, by reason of the special enactment, *may be* brought against it elsewhere. The qualified residences do not absorb or obliterate the unqualified one, either wholly or partially; they merely supplement, without otherwise affecting it. In this State, there is certainly legislative competency to establish this composite system of residence for all railroad corporations which the General Assembly has chartered." (Italics ours.) *Watson* v. *Richmond & Danville R. Co.,* 91 *Ga.* 222 (18 S. E. 306), decided October term 1892. At this time the statute, now Code § 94-1101, had not been amended to read *"shall be"* sued in the county in which the cause of action arose, in lieu of *"may be."* In *Tennessee Coach Co.* v. *Snelling,* 51 *Ga. App.* 432 (180 S. E. 741), this court ruled: "The motor common carrier act does not make it mandatory that the action be brought in the county where the cause of action originated, as in case of railroad companies (Youmans *v.* Hickman, supra [50 *Ga. App.* 260]), but is merely permissive, and if a foreign corporation, operating as a motor common carrier, has no agent in the county where the cause of action originated, suit may be served on the person designated by it to receive service; and this is true although such corporation may have an agent and place of business in some other county in this State." In *DeLoach* v. *Southeastern Greyhound Lines,* 49 *Ga. App.* 662 (176 S. E. 518), this court held: "A foreign corporation which is not a railroad company or an electric company, but is a motor-bus carrier, transacting its business within this State, and having an office and place for the transaction of its business and officers and agents in charge of its business in a particular county in this State, is subject to be sued in that county, notwithstanding the cause of action may have originated in another county in this State." The court said in the body of the opinion that the motor common carrier act of August 27, 1931, now codified as § 68-618, is not to be

construed "as mandatory as respects the venue of a tort action against a motor common carrier being in the county in which the cause of action originated," and that "The same is true of section 13 of an act approved March 31, 1931, regulating motor carriers for hire (Ga. L. 1931, Ex. Sess., p. 99), wherein it is provided that 'action may be maintained against any corporation operating under this act in any county in this State where any accident or other liability arises and where there is no agent of such corporation against whom suit is brought in the county where the right of action arises.' The word 'may' as used in these two statutes, does not provide for the performance of some act which justice or the public good requires. It must, therefore, be construed as permissive and not as mandatory. . . There is no provision in any statute of this State mandatorily fixing the venue . . for injuries to person or property resulting from the negligent operation of motor-carriers in this State by foreign corporations doing business in this State." In *Harrison* v. *Neel Gap Bus Line*, 51 *Ga. App.* 120 (2) (179 S. E. 871), this court ruled: "A suit may be instituted against a 'common motor carrier' in the county of its principal place of business, for an injury caused by it in another county. The provision of the act of the General Assembly of 1931 (Ga. L. 1931, p. 205) in section 13 thereof, as follows: . . does not make mandatory the bringing of such action against a motor common carrier in the county where the cause of action originated, but is purely permissive and cumulative." Nothing to the contrary was held in *Boone Co.* v. *Owens*, 51 *Ga. App.* 739 (181 S. E. 519); *American Fidelity & Cas. Co.* v. *Farmer*, 77 *Ga. App.* 166 (48 S. E. 2d, 122); *Atlanta-Asheville Motor Express* v. *Dooley*, 78 *Ga. App.* 265 (50 S. E. 2d, 822). Those cases simply hold to the effect that an action "may be" brought against the motor common carrier in the county wherein the cause of action originated. This is true, it is ruled, regardless of whether the carrier is a domestic or a foreign corporation. Moreover, since the *Dooley* ruling, supra, was quoted and relied upon by the defendant, we might add further in regard to that case, that all the court said regarding *mandatory* specifically (as can be seen from reading that case) referred to railroad carriers and not to motor common carriers.

It follows that the plaintiff properly brought her action against the defendant motor carrier of passengers for hire in the county wherein such carrier maintained its principal office and place of business, and that the petition was not subject to demurrer because it did not appear that the carrier had no agent in Schley County, wherein the injury occurred and the cause arose.

■ The plaintiff was a passenger of the defendant bus company, and it owed to her, while she was riding in its bus, the duty to exercise extraordinary diligence to protect her from injury in the operation of such bus. Code, § 18-204. The petition alleges that the defendant's bus driver operated the same around a curve on U. S. Highway 19 at a speed of 80 miles an hour, which was in violation of the law and a reckless speed, and that the driver did not check the speed of the bus as it rounded this curve, which was near where Georgia State Highway 271 intersected therewith. The plaintiff set up that the bus driver in coming around this curve did not keep to his right, but got about 2 feet over the center line of the highway. It appeared that when the bus got around this curve, an automobile operated by one George Bivins, which had approached from the opposite direction, was seeking to make a left turn into State Highway 71, and that the bus driver struck this car, causing the bus to overturn, after going around 260 feet. Under the allegations of the petition, as amended, a jury would be authorized to find that the defendant carrier did not exercise extraordinary care and diligence in the operation of said bus at said time and place, and that the plaintiff was injured as a result thereof. Code § 105-112 provides that vehicles meeting on the road shall each turn to the right. Code § 68-303, subpar. (c), provides that "An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference." Subpar. (e) provides that "An operator in rounding a curve shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible." Subpar. (i) provides that "An operator shall reduce speed at crossings or intersections of highways." To operate a motor bus at 80 miles an hour on the highways of this State is unlawful. Code, § 68-301. It is likewise a violation of this statute to operate a bus on the State highways at a speed "greater than is reasonable

and safe, having due regard to the conditions then existing."

It is ordinarily for the jury to determine whether the performance or non-performance of a specific act is in compliance with the duty imposed on a carrier by the provisions of Code § 18-204 as to the exercise by it of extraordinary care and diligence. *Seaboard Air Line Ry.* v. *Bradley,* 125 *Ga.* 193 (3) (54 S. E. 69). What facts suffice to show the exercise of such extraordinary diligence is ordinarily for the jury. *Seaboard Air Line Ry.* v. *Andrews,* 140 *Ga.* 254, 256 (78 S. E. 925). Whether or not the driver of the bus could have prevented the injury to the plaintiff by not driving over the center line of the road, by not rounding the curve at such speed, by reducing his speed on approaching the intersection and rounding this curve, could not have avoided the accident after seeing the other cars and the car turning into the intersection—are all questions of fact for the jury. Whose negligence as well as what negligence the injury can be properly attributed to, is a jury question under the facts alleged. It did not appear from the petition, as amended, as a matter of law, that the plaintiff's injury was caused by the operation of the automobile of George Bivins. There is no merit in the defendant's contention that the original petition affirmatively showed that the plaintiff was injured as a result of the negligence of George Bivins in the operation of his car, and that, therefore, there was nothing in the petition to amend by, when the plaintiff added count two to her petition and struck count one, electing to proceed on count two only. The jury would have been authorized to find, under the allegations of the original petition, that the negligence of Bivins and the bus driver concurred in producing her injury. See *Georgia Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713). It is a jury question whether the defendant bus driver was negligent in the particulars alleged, and if so, whether his negligence caused the injury, or concurred with that of the said Bivins in causing the plaintiff to be hurt, or whether the act of Bivins in operating his car was the only cause of the injury. If it be true (and we make no conclusion as to this) that Bivins and the bus company were both negligent, still the suit may be maintained against the bus company alone, and the bus company could be held liable alone for the full extent of the injuries.

There is no merit in the contention that the paragraphs of the petition are contradictory in the description of the accident. The petition, as amended, sets out a cause of action, and the trial court did not err in overruling the general demurrers as originally urged and as renewed to the original petition, the amendments, and to the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*