36621.   PATE *v.* BROCK *et al.*

DECIDED APRIL 2, 1957—REHEARING DENIED APRIL 19, 1957.

*Henry A. Stewart, Sr., Nall, Sterne, Miller, Cadenhead & Dennis,* for plaintiff in error.

*Arnold & Gambrell, Forrest C. Oates, Jr., A. Walton Nall,* contra.

GARDNER, P. J. ■ The court did not err in passing upon the demurrer to the petition prior to hearing and determining the plea to the jurisdiction. "Want of jurisdiction when it appears on the face of the petition, should be taken advantage of by demurrer." *Albany Coca-Cola Bottling Co.* v. *Shiver,* 67 *Ga. App.* 359 (2) (20 S. E. 2d 181). "In all cases demurrer, pleas, and answer shall be disposed of in the order named." Code (Ann.) § 81-1002. See *Gamble* v. *Gamble,* 204 *Ga.* 82, 89 (2) (48 S. E. 2d 540).

■ The court did not err in overruling Pate's demurrer to the petition on the ground that the court did not have jurisdiction of his person. Code § 68-514 provides: "Action may be maintained against any corporation operating under this chapter in any county in this State where any accident or other liability arises; and, where there is no agent of such corporation against whom suit is brought in the county where the right of action arises, service in such case may be perfected by serving the party defendant and/or an agent thereof with a second original where such defendant and/or an agent thereof may be located." This statute confers a qualified residence upon the nonresident motor contract carrier for purposes of suit such that a resident joint tortfeasor may be joined in an action against it in the county where the injury occurred although the joint tortfeasor is a nonresident of such county, and although the defendant corporation has no office or place of doing business therein, and this construction of the statute is necessitated because of the construction placed on similar venue statutes by both the Supreme Court and this court. See *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191); *Boone Company* v. *Owens,* 51 *Ga. App.* 739 (181 S. E. 519); *Atlanta-Asheville Motor Express* v. *Dooley,* 78 *Ga. App.* 265 (50 S. E. 2d 822). If anything to the contrary is held in *Hays* v. *Jones,* 81 *Ga. App.* 597 (59 S. E. 2d 404), it is not controlling in this case as against the old decisions of this court. While the statute construed in the *Grizzle* case, supra, is mandatory, whereas the statutes involved in the other cases are permissive in so far as the right to sue in the county where

the injury occurred is concerned, the decision reached in the *Grizzle* case does not appear to have been pitched upon this distinction, but the Supreme Court in the *Grizzle* case definitely held that such a statute does confer residence upon a nonresident corporation for purpose of suit so as to permit the joining in the same suit of another defendant resident of another county of this State.

■ While a defendant in an action may, before its final termination, bring to this court for review a decision overruling a demurrer to the plaintiff's petition because the "judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause," such defendant cannot in a bill of exceptions sued out in such a case, properly assign error also upon a decision of the trial court overruling his plea to the jurisdiction. See in this connection *Turner* v. *Camp*, 110 *Ga.* 631 (2) (36 S. E. 76); *Wright* v. *Morris*, 50 *Ga. App.* 196 (3) (177 S. E. 365); *Clay* v. *Merchants Mutual Credit Corp.*, 86 *Ga. App.* 832 (72 S. E. 2d 833). We, consequently, do not entertain the assignment of error made in the bill of exceptions on the overruling of the plea to the jurisdiction.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*