A95A2746. C. W. MATTHEWS CONTRACTING COMPANY, INC. v. BARNETT et al.

(466 SE2d 657)

BEASLEY, Chief Judge.

The Barnetts filed a complaint against the State Department of Transportation and C. W. Matthews Contracting Company, Inc., a Georgia corporation. Matthews moved to dismiss or transfer venue from Fayette County to Cobb County, where Matthews' principal place of business and registered office are located. The motion was denied and we permitted an interlocutory appeal to establish whether the DOT is a resident of Fayette County for the purposes of this action.

Plaintiffs own property in Fayette County in the vicinity of a state highway. The DOT widened the highway, and it contracted with Matthews to construct the improvements. Plaintiffs complain that the improvements were designed and constructed in a negligently defective fashion, causing rainfall, mud, and silt to be discharged onto their property.

In Count 1, they seek damages from the DOT for the depreciation in the value of their property under a theory of inverse condemnation. In Count 2, they seek an order against both defendants requiring them to abate the continuing nuisance, based on allegations that defendants jointly created the nuisance and that the DOT is maintaining it. In Count 3, plaintiffs seek damages against Matthews

for negligent construction of improvements on their property and for negligent corrective work. Each defendant filed a cross-claim against the other.

Plaintiffs argue that for venue purposes the DOT resides in Fayette County by reason of OCGA § 32-2-5 (b), which states that all actions by or against the DOT, other than ex contractu actions, shall be brought in the county in which the cause of action arose. But see *Jahncke Svc. v. Dept. of Transp.*, 134 Ga. App. 106, 108 (3) (213 SE2d 150) (1975) (holding that OCGA § 32-2-5 (b) is cumulative, not exclusive, of other venue provisions). Plaintiffs assert that, based on the theory that defendants are joint tortfeasors, venue over Matthews in Fayette County is proper under Art. VI, Sec. II, Par. IV of the 1983 Georgia Constitution. This provision allows an action to be maintained against joint tortfeasors who reside in different counties of Georgia in the county of residence of either.

1. Under the rationale in *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305, 307 (1) (127 SE2d 454) (1962), the DOT is a resident of Fayette County for venue purposes in the suit.

When the General Assembly enacts statutes providing that suits against certain corporations should be filed in the county where the cause of action arose, *Gibbs* and the cases it cites proceed on the theory that this constitutes an implied designation of that county as the residence of the corporation for the purposes of that suit. Id. at 310. By similar reasoning, OCGA § 32-2-5 (b) constitutes an implied designation of the county in which a cause of action against the DOT arose as the residence of the DOT for the purposes of that cause of action. This allows a resident joint tortfeasor to be joined in the action, even though the resident joint tortfeasor resides in a different county. *Pate v. Brock*, 95 Ga. App. 594, 596 (2) (98 SE2d 404) (1957); *Quinton v. American Thread Co.*, 74 Ga. App. 436 (40 SE2d 95) (1946); compare *Benton Rapid Express v. Johnson*, 202 Ga. 597 (43 SE2d 667) (1947); but compare *Horton v. Western Contracting Corp.*, 113 Ga. App. 613, 615 (3) (149 SE2d 542) (1966).

2. Venue over Matthews is thus proper in Fayette County, in that plaintiffs have alleged that Matthews and the DOT are joint tortfeasors in creating a continuing nuisance and plaintiffs seek an abatement of the nuisance by both defendants. See *Bennett v. Bagwell & Stewart, Inc.*, 214 Ga. 115 (103 SE2d 561) (1958); *Davey v. Turner*, 55 Ga. App. 786, 788 (1) (191 SE 382) (1937); see also *Gault v. Nat. Union Fire Ins. Co.*, 208 Ga. App. 134, 137 (4) (430 SE2d 63) (1993).

*Gilson v. Mitchell*, 131 Ga. App. 321 (205 SE2d 421) (1974), aff'd 233 Ga. 453 (211 SE2d 744) (1975), relied on by Matthews, is not dispositive. *Gilson* provides a test for determining whether persons are joint tortfeasors where, unlike the present case, a concert of action is

lacking. *Gault*, supra at 137 (3).

3. Under the rule announced in *Natpar Corp. v. E. T. Kassinger, Inc.*, 258 Ga. 102, 104 (1) (365 SE2d 442) (1988), the Fayette Superior Court, having venue over Matthews as to Count 2 of plaintiffs' complaint, had discretion to entertain the claims asserted by plaintiffs against Matthews in Count 3.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 3, 1996 — 

*Moore & Rogers, William R. Johnson, Jere C. Smith*, for appellant.

*Michael J. Bowers, Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Sarah H. Murphy*, for appellees.