A02A0957. PULLUM et al. v. SEWELL et al.
(571 SE2d 552)

MILLER, Judge.

Hazel Pullum and several other plaintiffs appeal from the trial court's order denying their motion to transfer this case from Dougherty County Superior Court to Fulton County. Despite their three enumerations of error, the dispositive issue on appeal is whether appellants should have been allowed to sue both defendants in Fulton County, the county in which defendant Georgia Power Company maintained its principal place of business. We discern no error and affirm.

The record reveals that Thomas Peters and his wife, Minion, were involved in a car accident with a vehicle owned by Georgia Power. The accident took place in Terrell County, Georgia. The Georgia Power vehicle was driven by a Georgia Power employee, Tommy Sewell. Sewell was a resident of Muscogee County.

Minion Peters and representatives of Thomas Peters's estate sued Georgia Power and Sewell as joint tortfeasors. Although plaintiffs originally brought suit in Dougherty County, they eventually amended their complaint and filed a motion to transfer the case to Fulton County, because they determined that venue and jurisdiction were improper in Dougherty County. Plaintiffs argued that under the Georgia Constitution, Georgia Power and Sewell could be sued in the counties in which either one of them resided — Muscogee or Fulton. Plaintiffs argued that Georgia Power was a resident of Fulton County because that was the location of its principal place of business.

Georgia Power denied that venue was proper in Fulton County, because OCGA § 46-1-2 (c) provides that suits against electric companies shall be brought in the county in which the cause of action arose, provided that the company has an agent for service in that county. Georgia Power has a business office and a manager in Terrell County, which is where the cause of action arose in this case.

The trial court denied plaintiffs' motion to transfer the case to Fulton County and ruled that plaintiffs could only sue defendants in either Muscogee or Terrell County. Plaintiffs appeal from this ruling.

Pursuant to OCGA § 46-1-2 (c),

[a]ny railroad or electric company *shall* be sued by anyone whose person or property has been injured by such railroad

or electric company, or by its officers, agents, or employees, for the purpose of recovering damages for such injuries, *in the county in which the cause of action originated.* . . . [I]f the company has no agent in the county where the cause of action arises, an action may be brought in the county of the residence of such company.

(Emphasis supplied.) The Georgia Constitution provides that joint tortfeasors may be sued in the county in which either tortfeasor resides. Ga. Const. of 1983, Art. VI, Sec. II, Par. IV.

The General Assembly has the power to determine residence and venue with respect to a company. See, e.g., *C. W. Matthews Contracting Co. v. Barnett*, 219 Ga. App. 763, 764 (1) (466 SE2d 657) (1996) ("When the General Assembly enacts statutes providing that suits against certain corporations should be filed in the county where the cause of action arose, [the law] proceed[s] on the theory that this constitutes an implied designation of that county as the residence of the corporation for the purposes of that suit. [Cit.]"). The General Assembly has done this very thing with OCGA § 46-1-2 (c). As with other similar special venue statutes, the General Assembly has properly determined that Georgia Power "resides" in the county where the accident occurred for purposes of cases such as this one. Cf. *C. W. Matthews Contracting Co.*, supra, 219 Ga. App. at 764 (1). Therefore, plaintiffs could sue Georgia Power in either Terrell County, where it resides for purposes of this lawsuit, or Muscogee County, where the other tortfeasor resides.

Plaintiffs cite no authority for the proposition that the presence of a joint tortfeasor authorizes suit against an electric company in any county other than the county where the co-defendant resides or where the accident occurred. We decline to adopt a holding that would essentially render the venue provisions of OCGA § 46-1-2 (c) meaningless in cases involving joint tortfeasors.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 23, 2002.

*Green & Green, Donarell R. Green IV, Freddrell R. Green, Derrell Dowdell,* for appellants.

*McNatt, Greene & Thompson, Hugh B. McNatt, Troy L. Greene,* for appellees.