# Court of Appeals
# of the State of Georgia

ATLANTA,  March 24, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0302. RON JOHNSON, JR. ENTERPRISES, INC. v. HARTRY et al.**
**A21A0303. NORFOLK SOUTHERN RAILWAY CO. v. HARTRY et al.**

In these related interlocutory appeals, Ron Johnson, Jr. Enterprises, Inc. ("RJE") and Norfolk Southern Railway Co. (hereinafter collectively "defendants") challenge the trial court's order granting Winford and Geraldine Hartry's motion to transfer venue from Spalding County to Clayton County. This is the third appearance of this case before this Court. See *Hartry v. Ron Johnson Jr. Enterprises*, 347 Ga. App. 55 (815 SE2d 611) (2018) ("*Hartry II*"); *Norfolk Southern R. Co. v. Hartry*, 316 Ga. App. 532 (729 SE2d 656) (2012). The facts underlying this appeal are not in dispute. In June 2010, a collision occurred between a Norfolk Southern train and a truck operated by RJE. Winford Hartry, the engineer of the train, suffered injuries as a result of the collision. See *Hartry II*, 347 Ga. App. at 56. Winford and his wife, Geraldine, sued Norfolk Southern and RJE in Clayton County, where the collision occurred. In February 2013, the Clayton County State Court granted Norfolk Southern's motion for summary judgment.[1]

Following the grant of summary judgment to Norfolk Southern, the Hartrys consented to a transfer of the action from Clayton County to Spalding County, where

---

[1] The Hartrys did not directly appeal this ruling, and there is no evidence in the record before us that Norfolk Southern requested the immediate entry of judgment under OCGA § 9-11-54 (b).

RJE maintains its registered agent and registered office.[2] A November 2014 trial in Spalding County resulted in a mistrial/hung jury. A second trial in November 2016 resulted in a plaintiffs' verdict against RJE. On appeal from the final judgment entered on the verdict, this Court reversed the February 2013 order granting summary judgment to Norfolk Southern and set aside the judgment against RJE. See *Hartry II*, 347 Ga. App. at 58 (1) (b). In that opinion, we noted that Norfolk Southern remained a defendant on retrial. Id. at 67 (4) (a). The Supreme Court of Georgia affirmed our ruling, and the case was remanded for retrial. *Norfolk Southern R. Co. v. Hartry*, 307 Ga. 566 (837 SE2d 303) (2019).

Upon remand, the Hartrys moved to transfer the action back to Clayton County, contending that, with the addition of Norfolk Southern back to the case, they have a right to insist that venue be returned to the forum originally selected. Norfolk Southern and RJE both opposed the motion. Specifically, Norfolk Southern argued that venue is not mandatory in Clayton County, that there is no authority in Georgia law authorizing the change of venue, and that re-transferring the action to Clayton County would be a waste of judicial resources since the case has been pending and twice tried in Spalding County during the past seven years.

Following a hearing,[3] the Spalding County court granted the motion to transfer without explanation. The trial court, however, certified its order for immediate

---

[2] The consent order, executed by counsel for the Hartrys and RJE, provided as follows:

> COME NOW the Parties, through counsel, and respectfully move this [c]ourt for an Order transferring this case to Spalding County State Court. This [c]ourt has granted Norfolk Southern's Motion for Summary Judgment. Although this is not a final judgment and Plaintiff may appeal this Order at the conclusion of the case, the Parties agree that venue is now proper in Spalding County, Georgia.

The propriety of this order is not raised by any of the parties in this appeal.

[3] A copy of the hearing transcript is not included in the record on appeal.

review, and this Court granted Norfolk Southern's and RJE's applications for interlocutory appeal to consider whether the trial court erred in granting the motion to transfer venue back to Clayton County.

The first step in our analysis is determining whether OCGA § 46-1-2 (c) should be construed to mean that venue over Norfolk Southern would lie *only* in Clayton County. This Code section provides: "Any railroad, electric company, or gas company *shall* be sued . . . in the county in which the cause of action originated. . . . In the alternative, if the company has no agent in the county where the cause of action arises, an action may be brought in the county of the residence of such company." (Emphasis supplied.) Under the Georgia Constitution, however, "[a] defendant is entitled to be sued in the county of his or her residence. But suits against joint tortfeasors residing in different counties may be tried in either county." (Citation and punctuation omitted.) *Barnett v. Quinn*, 227 Ga. App. 172, 174 (489 SE2d 68) (1997). See Ga. Const. of 1983, Art. VI, Sec. II, Pars. IV, VI; OCGA §§ 9-10-31 and 14-2-510. See also *Mariner Healthcare, Inc. v. Foster*, 280 Ga. App. 406, 411 (4) (634 SE2d 162) (2006) ("[w]here there are multiple defendants, venue is proper in any county where one of the defendants may be sued"). In *Pullum v. Sewell*, 257 Ga. App. 553 (571 SE2d 552) (2002), this Court recognized that OCGA § 46-1-2 (c) does not mandate that the joint tortfeasor of a railroad or electric company must be sued in the venue specified for the railroad or electric company under OCGA § 46-1-2 (c). Id. at 553-554. Instead, the railroad or electric company can also be sued in the county where the joint tortfeasor resides. Id.

Having determined that venue did not lie *only* in Clayton County, resolution of this case would require us to examine whether the trial court had authority to transfer the case from a jurisdiction with proper venue to another jurisdiction that would also have proper venue.[4] The Georgia Constitution provides that the "power

_____

[4] In this case, as best we can tell from the limited record before us, the Hartrys had three venue options available to them at the time they filed suit: Clayton County, where the cause of action arose; Bibb County, where Norfolk Southern maintains its registered agent; or Spalding County, where RJE maintains its registered agent and

to change the venue in civil and criminal cases shall be vested in the superior courts to be exercised in such manner as has been, or shall be, provided by law." Ga. Const. of 1983, Art. VI, Sec. II, Par. VIII. Our research has revealed only one Supreme Court of Georgia decision touching upon the meaning of the phrase "to be exercised in such manner as has been, or shall be, provided by law." In *EHCA Cartersville, LLC v. Turner*, 280 Ga. 333 (626 SE2d 482) (2006), the Supreme Court of Georgia stated that "the defendants correctly contend that Art. VI, Sec. II, Par. VIII authorizes the General Assembly to enact laws that permit the superior and state courts to exercise the power to change venue." Id. at 335-336 (1). In this case, the parties agree that no statute exists which authorizes a state court to transfer venue to another state court when both courts have proper venue.

The question now before us in this case is whether a common law rule can authorize the trial court to order[5] a venue change under Art. VI, Sec. II, Par. VIII of the Georgia Constitution, an issue not addressed by the Supreme Court of Georgia in the *Turner* decision. We recognize that this issue was not specifically raised and ruled upon in the trial court below, but we cannot address the trial court's authority to transfer venue without also interpreting the Georgia Constitution. We also note that it is well established that an unauthorized exercise of authority by a court is void ab initio. See, e.g., *Martin v. Astudillo*, 280 Ga. 295 (627 SE2d 34) (2006). Additionally, orders which are a nullity are subject to an attack at any time. See, e.g., *Henderson v. Henderson*, 231 Ga. 577 (203 SE2d 183) (1974), disapproved on other grounds by *Sampson v. Sampson*, 240 Ga. 118 (239 SE2d 519) (1977). Accordingly, it appears that this appeal is a case "involving the construction of . . . the Constitution of the State of Georgia," an issue within the "exclusive appellate jurisdiction" of the Supreme Court of Georgia. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Based

---

registered office. See OCGA §§ 46-1-2 (c) and 40-1-117.

[5] Uniform Superior Court Rule 19.1 (F) provides: "No action or proceeding may be transferred except upon written order of the court in which the action pends. . . ."

upon this Court's desire to avoid issuing an opinion in cases over which we do not have jurisdiction, these appeals are hereby TRANSFERRED to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,  03/24/2021*
 *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
 *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*