SUMMERS, by next friend, v. SOUTHERN RAILWAY CO.

1. No liability arises where the officer of a railroad company arrests one standing on the steps of a moving train under circumstances indicating that he is stealing a ride in violation of the provisions of the act of 1897 (Acts 1897, p. 116, Van Epps' Supp. Code, § 6663).

2. If, after such arrest on probable cause, the train stops at a station in another county, and the plaintiff is there delivered to an officer and imprisoned, and if the detention, failure to prosecute, or other act in such latter county gives rise to a cause of action, the Civil Code, § 2334, imperatively requires that suit should be there brought.

Argued May 11, — Decided June 1, 1903.

Action for damages.   Before Judge Reece.   City court of Floyd county.   December 2, 1902.

*Fouché & Fouché* and *McHenry & Maddox*, for plaintiff.
*Shumate & Maddox* and *George A. H. Harris*, for defendant.

LAMAR J.   This suit grew out of the same transaction, and is controlled by what was said in *Southern Railway Co.* v. *Gresham*, 114 *Ga.* 184 (4).    It was there held that "an attempt to steal a ride by concealing one's self is a misdemeanor; that when the conduct of a passenger is such as to afford reasonable ground and probable cause for believing that one is violating this law, the company is not liable for his arrest by the conductor, although as a matter of fact it be shown that there was no attempt to violate the statute." The defendant's vestibuled train, after leaving the regular station at Rome, stopped, as required by law, at the railroad crossing in East Rome.    The plaintiff and his companion "got on the steps of one of the cars, intending to step off when the train stopped" at another crossing near his own home, several miles further on.   He testified that he had money with which to pay his fare; attempted to open the door, but found it locked; made no attempt to conceal himself; was not certain, but thought he could be seen through the glass in the door; that in two or three minutes after starting the door was opened, two men took him in, carried him to another car, and after some conversation handcuffed him, and when the train stopped at a station in Paulding County he was delivered to an officer, by him to the sheriff, and by the latter officer put in jail. The warrant subsequently sued out charged him with stealing a ride in Paulding county.   He gave bond, attended court, and at a

subsequent term was discharged for want of prosecution, the solicitor referring the matter to the authorities of Floyd county. Plaintiff testified that the conductor did not come near enough for him to speak that night; and there is no proof that he offered to pay his fare; nor is there any direct testimony that the men who made the arrest were employees of the defendant. But if the evidence and admissions in the pleadings be sufficient to authorize a finding that they were such, then it is equally true that the act of the plaintiff in riding upon the steps under the circumstances was sufficient to give the officers of the company probable cause for believing that he was stealing a ride. The plaintiff being apparently in the very act of violating the statute (Acts 1897, p. 116), the agent of the company had the right to make the arrest without a warrant (Penal Code, § 900), and to adopt reasonable means of preventing an escape until the train came to a stop at a place where he might be delivered to an officer of the law. This arrest took place in Floyd, and, there having been probable cause and no unnecessary violence in detaining the plaintiff, there is no cause of action for what took place in that county. Civil Code, § 3854.

The suit was brought not only for false arrest, but also on the theory that the plaintiff's rights as a passenger had been violated. There is no evidence that he was a passenger, or that he offered to pay his fare, and the arrest and detention in Floyd county being on probable cause, the evidence made out no case as to which the city court of Floyd county had any jurisdiction. · The testimony introduced — or offered, but excluded — as to what took place in Paulding county, even if it established a liability in favor of plaintiff against the defendant, could not be the sole basis of a verdict in Floyd county. It is true there was no plea to the jurisdiction, but the Civil Code, § 2334, does not allow a railroad company, expressly or by silence, to give jurisdiction to the court of a county other than that in which the tort was committed. Its provisions are mandatory. The company "shall be sued in the county in which the cause of action originated; . . and any judgment rendered in any other county than the one in which the cause so originated shall be utterly void." In view of this statute, and of the ruling in *Southern Ry. Co.* v. *Gresham*, 114 *Ga.* 184 (which on review is adhered to), the judgment is

*Affirmed. By five Justices.*