### 16799.  WEBB *v.* ORME.

STEPHENS, J.  1. Where a note is given for the purchase-price of an automobile, and contemporaneously there is executed by the maker of the note a written contract of purchase, referred to in the note, the note and the contract together constitute one contract.

2. Where the written contract of sale provides that the purchaser shall "keep said automobile and its equipment insured for its full insurable value against loss by fire, theft, and collision, in some insurance company acceptable to vendor, and loss payable to vendor and myself as our interest may appear at time of loss; provided further, that if by special agreements the American Discount Company of Georgia places the insurance on this car, the said insurance can not be cancelled by myself before expiration of policy covering said insurance," the contract is not complete as respects the matter of placing insurance upon the automobile, which is the subject-matter of the contract, and such contract may be added to by a contemporaneous parol agreement between the parties by the terms of which it is agreed between the seller and the purchaser, for a consideration promised to be paid by the purchaser, which is added to the note as a part of the purchase-money, that the seller is to place collision insurance upon the automobile. In a suit on the note, against the maker, a plea as amended, alleging as a defense that the defendant and the payee of the note had entered into such a parol agreement as indicated above, was not subject to demurrer upon the ground that it sought to add to or vary the contents of a written contract.

3. Where the plea and the amendments thereto alleged that the contract as to the placing of the insurance was made by the defendant with the payee of the note through one who was agent of the payee, the plea as amended was· not subject to demurrer upon the ground that it alleged a contract between the defendant and one who was not the payee mentioned in the note or the seller mentioned in the contract of sale.

4. Where, upon the trial of the issue formed upon the plea and its amendments, it appeared from the evidence that the defendant negotiated for the sale of the automobile with an automobile dealer who had it for sale, but that the note and the accompanying contract of sale were made not in the name of this dealer, but in the name of another as payee of the note and as seller in the contract, styled "American Discount Company," that the American Discount Company was not a dealer in automobiles, but was engaged in purchasing automobile purchase-money notes from automobile dealers, that blank printed forms for purchase-money notes and automobile sales contracts, with the name of the American Discount Company printed therein as the payee of the notes and as the seller in the contracts, were kept on hand by the automobile dealer, and that it was the habit of the dealer, when a sale

of an automobile was pending, to call up the American Discount Company, or some other buyer of automobile purchase-money notes, to ascertain if the company or person called would buy the notes for a certain automobile without the dealer's indorsement thereon, and, if the sale was approved by the person called, the contract would then be filled out in the name of the buyer of the notes on the note buyer's forms in the hands of the dealer, and that the American Discount Company received from the dealer the note and the contract executed in the name of the American Discount Company as payee in the note and as seller in the contract, and remitted to the dealer an amount less the discount upon the note, it was inferable that the dealer, in taking the note and executing the contract of sale in the name of the American Discount Company as payee in the note and as seller in the contract, was the agent for that company; and a charge by the court submitting such issue of agency to the jury was not error.

5. The provision in the contract, that the purchaser is to keep the automobile insured as against collision, in an insurance company acceptable to the seller, and that should there be any special agreements by which the American Discount Company itself places the insurance upon the automobile, certain rights would accrue, was sufficient to put the American Discount Company upon inquiry as to what arrangements, if any, had been made by the dealer negotiating the trade with the purchaser respecting the insurance, including insurance against collision, required by the contract; and the charge of the court, relative to a ratification by the American Discount Company of the act of the dealer, as agent, was not error, where the charge omitted to state that it was essential to the ratification that the American Discount Company should have knowledge of the alleged contract as to the insurance between the dealer and the defendant. Civil Code (1910), § 4530.

6. The court did not err in charging that the burden of proof was upon the plaintiff.

7. The evidence authorized the inference that there was a valid contract between the defendant and the payee of the note sued on, namely, the American Discount Company, through its authorized agent, by the terms of which contract the payee was to take out collision insurance upon the automobile, and that the failure by the payee to take out such insurance constituted a breach of this contract; and the evidence also authorized the inference that as a result of a collision the automobile sold was damaged to the extent of the amount of the note sued on.

8. It being undisputed that the plaintiff, as transferee of the note sued on, acquired title thereto after maturity, the defenses pleaded were good as against him.

9. The charge of the court fairly submitted all the issues. The evidence authorized the verdict for the defendant, and no error appears.

*Judgment affirmed. Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED SEPTEMBER 29, 1926.

Complaint; from city court of Decatur—Judge Daley. August 22, 1925.

*Hewlett & Dennis,* for plaintiff. *Scott Candler,* for defendant.

50