47908. PEMBERTON et al. v. PURIFOY et al.

PANNELL, Judge. 1. The provisions of the Constitution of this State relating to venue of civil cases (Art. VI, Sec. XIV, Pars. I through IV; Code Ann. §§ 2-4901 through 2-4906) may not be altered or changed by the legislature or the courts (*Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, 125 (179 SE2d 68), and cits.) and the adoption of procedural devices for adjudicating claims of various parties in the same action does not effect a change in the venue requirements of the Constitution. Id; see also Section 82 of the Civil Practice Act (Ga. L. 1966, pp. 609, 670; Code Ann. § 81A-182) specifically so stating in reference to that Act.

2. Accordingly, where, as in the present case, a tort action seeking to recover damages arising out of a multiple automobile collision was brought in the Superior Court of Whitfield County by a resident of Floyd County, Georgia against the driver and the bailee of a trailer truck, both residents of Whitfield County, and who brought a counterclaim seeking damages arising out of the same collision against the plaintiff and the driver and the owner of a third automobile as joint tortfeasors; and, on motions and hearing it appeared without dispute that the two latter parties were residents of Floyd County and that the plaintiff was a resident of Floyd County, the Superior Court of Whitfield County had no jurisdiction as to venue over the two latter parties under Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-4904) of the Constitution of this state as contended by appellant cross claimants. See *Terhune v. Pettit,* 195 Ga. 793 (25 SE2d 660) where, upon an identical situation, venue was sought by seeking substantial equitable relief against the plaintiff under Art. VI, Sec. XIV, Par. III (Code Ann. § 2-4903) of the

Constitution. While the plaintiff, by voluntarily instituting the suit in Whitfield County, submitted herself, for all purposes of that suit, to the jurisdiction of the court of the county in which the suit is pending (*Wachovia Bank &c. Co. v. Jones,* 166 Ga. 747 (144 SE 256); *Harrison v. Lovett,* 198 Ga. 466 (31 SE2d 799); *New Orleans & N. E. R. Co. v. Pioneer Plastics Corp.,* 224 Ga. 228, (161 SE2d 294)), this does not constitute her a resident of Whitfield County for general purposes of venue, so as to make Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-4904) of the Constitution applicable. Cases where *one* of the additional parties brought in on a cross action or counterclaim as joint tortfeasor *was a resident* of the locality of the pending action (*Richards v. Johnson,* 219 Ga. 771 (135 SE2d 881); *Shell v. Watts,* 229 Ga. 474 (193 SE2d 265) decided September 7, 1972) do not have application here.

3. While the motion here on grounds of venue was denominated a motion for summary judgment, and the trial judge erred in determining this question as on motion for summary judgment, rather than a motion to dismiss for lack of venue (*Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833, 834 (182 SE2d 693)) yet, because the facts here are simple, uninvolved and plain and undisputed, and demand the result reached, we will affirm him rather than reverse him, thus setting aside his judgment solely for the purpose of entering another to the same effect. See *Jones v. Bibb Brick Co.,* 120 Ga. 321, 328 (48 SE 25).

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED APRIL 4, 1973 — REHEARING DENIED APRIL 25, 1973 — ▮▮▮

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,*

894

*Frank M. Gleason,* for appellants.

*Matthews, Walton, Smith, Shaw & Maddox, Oscar M. Smith,* for appellees.