59922. ADBE DISTRIBUTING COMPANY, INC. v. HUNDRED EAST CREDIT CORPORATION.

Smith, Judge.
Plaintiff-appellee brought this action against ADBE Distributing Co. for breach of contract. ADBE appeals from an adverse jury verdict and cites as error several of the trial court's rulings on the issues of agency and fraud. ADBE also enumerates as

error the trial court's refusal to add Philips Business Systems, Inc. (Philips) as a third party defendant. We affirm.

1. Appellee's witness testified that her company leases various types of equipment after purchasing this equipment from a number of vendors throughout the country. Philips, a sister corporation to appellee, is a manufacturer-vendor of computers. In the event a Philips customer desires to lease a computer rather than purchase it outright, a Philips salesperson has the customer execute a lease agreement which is then forwarded to appellee along with the customer's credit application. The solicitation, negotiation and execution of the lease are all handled by the Phillips salesperson utilizing lease forms provided by appellee and quoting rates set by appellee. The blank printed lease forms have the Hundred East Credit Corporation printed thereon as lessor. If credit is approved, appellee accepts the lease but does not actually purchase the equipment until a "Certificate of Acceptance" is received from the customer stating that the equipment is in proper working order and that the customer has inspected the equipment and is satisfied with it. A finder's fee is paid to any vendor using appellee as the financing vehicle in a leasing arrangement.

The foregoing procedure was followed in this case, i.e., Philips sold the computer to appellee who in turn leased it to ADBE. After several attempts to get ADBE to abide by the terms of the lease, appellee repossessed the computer and filed suit for the balance due. ADBE denied any liability and counterclaimed alleging fraud and misrepresentation.

At trial the court refused to admit the testimony of one of ADBE's employees relating to certain representations made to him by a Philips salesperson regarding the subject computer. The trial court reasoned that, in light of express denials of any agency relationship by witnesses from both Philips and appellee, such testimony was hearsay. ADBE contends that this testimony was essential in order to establish the allegedly fraudulent representations and promises made by the Philips salesperson, and attributable to appellee, prior to execution of the lease.

" 'The admission or declaration of an agent, when acting within the scope of his authority, is to be considered as the admission or declaration of his principal. [Cits.]' But before the declarations are admissible some proof of the agency should be submitted. Agency may be established by circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the alleged agent himself, clearly tend to establish the fact of his agency, his declarations may then be admitted and considered as a part of the

res gestae of the transaction . . ." *Colt Co. v. Wheeler,* 31 Ga. App. 427 (5) (120 SE 792) (1923); *Garrett v. Booth,* 140 Ga. App. 176 (230 SE2d 341) (1976).

In light of the foregoing testimony given by appellee's own witness, we conclude that the evidence of agency was at least sufficient to have allowed the excluded testimony to be admitted notwithstanding the denials of such a relationship by both the purported principal and agent. See *Lewis v. C & S Nat. Bank,* 139 Ga. App. 855 (1b) (229 SE2d 765) (1976); *Nat. Life Assur. Co. v. Massey-Ferguson Credit Corp.,* 136 Ga. App. 311 (2) (220 SE2d 793) (1975); *Webb v. Orme,* 35 Ga. App. 784 (4) (134 SE 841) (1926). See also, *Builders Homes of Ga. v. Wallace Pump & Supply Co.,* 128 Ga. App. 779 (2) (197 SE2d 839) (1973). However, "[e]ven if the evidence was necessary to [its] claim of fraud, as contended by [ADBE], its exclusion was harmless in that [essentially] the same testimony was admitted elsewhere in the transcript . . . and its exclusion here we believe did not mislead the jury." *Gilreath v. Argo,* 135 Ga. App. 849, 851 (3) (219 SE2d 461) (1975); see *Foster v. National Ideal Co.,* 119 Ga. App. 773 (1) (168 SE2d 872) (1969). Enumerations Nos. 1 and 9 are without merit.

2. ADBE contends that the trial court erred in admitting the document entitled "Payment History for ADBE Distributing Company" since appellee had failed to establish that the document was made in the regular course of business. Code § 38-711. However, the fact sought to be proved by the "Payment History" (the balance due appellee under the lease) was merely cumulative of other documents admitted into evidence without objection, including the lease itself. *Ball v. State,* 137 Ga. App. 333 (2) (223 SE2d 743) (1976). Therefore, Enumeration No. 2 is meritless.

3. ADBE complains that the trial court improperly excluded testimony by its president as to a conversation he had had with the ADBE sales manager, which testimony would have explained why the president had signed the "Certificate of Acceptance" for the computer. Even though such testimony was admissible to explain conduct (Code § 38-302), its exclusion was harmless since the evidence sought to be introduced would have been cumulative of other testimony given by the president to explain the circumstances surrounding his execution of the certificate. Hence, the excluded evidence was not essential to ADBE's case and could not have materially affected the verdict or contributed to the judgment. See *Henry v. State,* 154 Ga. App. 120 (3) (267 SE2d 653) (1980). ADBE's third enumeration of error is without merit.

4. ADBE's fourth enumeration asserting that the trial court "completely neglected the principle of ratification" in its instructions

on agency is not meritorious since such an instruction was given later in the charge. *Dunn v. State,* 145 Ga. App. 612 (2) (244 SE2d 127) (1978); *Edwards v. Delvero,* 139 Ga. App. 880 (2) (229 SE2d 763) (1976).

5. The court gave the following instruction to the jury: "I charge you that where both the alleged principal and alleged agent deny agency, inferences from circumstantial evidence contrary to the denial cannot stand against uncontradicted evidence that no such fact exists, and consequently, if you find there is no agency relationship, then you must find the defendant is unconditionally obligated to pay the plaintiff the remaining balance under the lease agreement." ADBE argues that this charge was prejudicially repetitive of the charge immediately preceding and also was "simply not the law."

Since the charge above embodies a correct principle of law adjusted to the factual situation in this case, ADBE's fifth enumeration of error is without merit. See *Withrow Timber Co. v. Blackburn,* 244 Ga. 549 (261 SE2d 361) (1979); *Brewer v. South-eastern Fidelity Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668) (1978). Moreover, while its language and phraseology are similar, the charge immediately preceding the instant one was not repetitive in that it dealt with amounts recoverable under the terms of the lease, not circumstantial evidence.

6. The trial court instructed the jury that if they found in the lease a valid disclaimer of all warranties and representations made by Philips, then ADBE would be obligated to pay the balance owed plus attorney fees. ADBE contends that where fraud voids a contract, a disclaimer provision therein is also voided. *Williams v. Southland Corp.* 143 Ga. App. 111 (2) (237 SE2d 639) (1977). However, the court subsequently charged that if a lessor or its agent made fraudulent claims regarding the equipment to be leased, then the lessee would be relieved from its obligations under the lease despite any disclaimer. ADBE's assertion that the two instructions should have been given sequentially is wholly without merit. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) (1886). Therefore, Enumeration No. 6 is without merit.

7. ADBE counterclaimed for fraud, alleging appellee knew that certain representations regarding the adequacy of the subject computer for ADBE's use were false. There is no merit to ADBE's seventh enumeration of error which asserts that the trial court erred

by including among the principles which must be proven in an action for fraud that the representations made "were knowingly and with design false." Code § 105-302; see *McMichen v. Martin Burks Chevrolet,* 128 Ga. App. 482 (197 SE2d 395) (1973).

8. In its eighth enumeration of error ADBE argues that the trial court erred in failing to give its requested charge setting forth certain factual circumstances from which the jury might have inferred an agency relationship between appellee and Philips. ADBE contends that this charge was both adjusted to the evidence and necessary to place before the jury the issue of whether such an agency relationship existed due to the conduct and corporate relationship between Philips and appellee.

In addition to the charge set out in Division 3 of this opinion, the trial court fully instructed the jury on the proof necessary to establish an agency relationship, albeit not in the language requested by ADBE but rather that requested by appellee. "It is obviously economical of court and jury time to compare the jury instructions offered by the litigants with those presented by the trial judge in such manner that, if it can be determined that the point at issue was presented in substantially as clear and understandable a manner as that requested . . . there should be no reversal where the language conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation." *Jackson v. Miles,* 126 Ga. App. 320, 322 (2) (190 SE2d 565) (1972); *Evans v. DeKalb County Hosp. Auth.,* 154 Ga. App. 17 (4) (267 SE2d 319) (1980).

9. "The . . . question [presented by ADBE's final enumeration] is whether a defendant in a suit on a contract to recover rents for the rental of personalty, together with interest and attorney's fees as provided therein, may implead as a third party defendant the manufacturer of the equipment and seek recovery from it of the equivalent of all such sums as may be awarded in the main suit to the plaintiff against the defendant on the ground that the manufacturer's representative had made false and misleading statements to defendant (lessee) as to the capacity of the equipment to perform the job for which it was to be leased; that defendant had been induced by these statements to enter into the lease contract and that the equipment had wholly failed to serve his purposes . . .

"Only one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like. *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794 (165 SE2d 587). The situation here does not come within that rule, and the refusal of the trial court to implead [Philips] was proper." *Worrill v. Pitney-Bowes,* 119 Ga. App. 258 (167 SE2d 236) (1969); *Burroughs Corp. v. Outside Carpets,*

127 Ga. App. 622 (2) (194 SE2d 487) (1972). Therefore, Enumeration No. 10 is without merit. See *Dorsey Heating &c. Co. v. C. C. Dickson, Inc.,* 153 Ga. App. 599 (2) (266 SE2d 282) (1980).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Argued May 8, 1980 — Decided October 31, 1980 — Rehearing denied December 10, 1980 —

*David S. Rand,* for appellant.
*Robert B. Lipman,* for appellee.