## 69191. SOUTHERN RAILWAY COMPANY v. LAWSON et al.

(329 SE2d 288)

POPE, Judge.

On October 12, 1980 Timmy Lee Lawson, the minor child of plaintiffs-appellees (the Lawsons) was struck and killed in Stephens County by a train owned and operated by defendant-appellant Southern Railway Company, a Virginia corporation authorized to transact business in Georgia. As a result, on October 11, 1982 the Lawsons filed suit against Southern Railway and others in the Superior Court of Stephens County where Southern Railway has an agent and the others are residents. The action in Stephens County was voluntarily dismissed without prejudice by the Lawsons on October 21, 1983, and all costs connected with that action were paid. The present action was then filed against Southern Railway in Fulton County Superior Court by the Lawsons on December 15, 1983. On March 7, 1984 the other defendants from the previous suit were added as defendants in the present action in Fulton County.

The Lawsons' suit is in two counts: Count I seeking damages for the wrongful death of their minor child; Count II seeking additional damages for alleged fraud and conspiracy in making false inducements to obtain the Lawsons' release of claims against Southern Railway relative to their son's death. Southern Railway answered the Fulton County suit and filed a motion to dismiss asserting improper venue and the running of the statute of limitation. The trial court denied the motion to dismiss finding venue to be proper in Fulton County. Southern Railway was granted a certificate of immediate review in the trial court. The subsequent timely application for interlocutory review was granted by this court. On appeal, Southern Railway enumerates as error the order ruling venue proper in Fulton County.

1. We note at the outset that under the recently enacted Uniform Transfer Rules, 251 Ga. 893 (1984), appellant Southern Railway's motion to dismiss based upon lack of venue and/or jurisdiction is now to be considered a motion to transfer to the proper court. Under Uniform Transfer Rule T-4 "[t]hese rules shall become operative when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue or both. Such motion shall be treated as a motion to transfer pursuant to these rules." Thus, had the trial court found that it lacked proper venue and/or jurisdiction in this case, instead of dismissing the Lawsons' suit, upon compliance with the pertinent requirements of the Uniform Transfer Rules the action would simply have been transferred to the appropriate court. See *Shannon v. Allen Automatic Transmission*, 172 Ga. App. 88 (322 SE2d 99) (1984); *Long v. Bruner*, 171 Ga. App. 124 (2) (318 SE2d 818) (1984).

2. Appellant's first two enumerations of error essentially center upon its contention that the venue provision for suits against railroads as found in OCGA § 46-1-2 (c) is intended to be mandatory rather than permissive. At the time of the death of the Lawsons' son as well as at the time suit was filed in Stephens County on October 11, 1982, the applicable statute was Code Ann. § 94-1101 which provided in pertinent part: "All railroad . . . companies *shall be* sued by anyone whose person or property has been injured by such railroad . . . company, its officers, agents or employees, for the purpose of recovering damages for such injuries, in the county in which the cause of action originated, and suits on all contracts shall be brought in the county in which the contract in question is made or is to be performed; any judgment rendered in any county other than the one herein designated shall be utterly void. If the cause of action shall arise in a county where the railroad . . . company liable to suit has no agent, service may be perfected by the issuance of a second original to be served upon said company in the county of its principal office and place of business, if in this State, and if not, on any agent of such company, or suit may be brought in the county of the residence of such company." (Emphasis supplied.) Appellant contends that under Code Ann. § 94-1101 venue was proper in Stephens County at the time the original action was filed there on October 11, 1982. We agree that where applicable, the provisions of that special venue statute were mandatory when suit was brought solely against the railroad company. See *Summers v. Southern R. Co.*, 118 Ga. 174 (45 SE 27) (1903); *Devereux v. Atlanta R. &c. Co.*, 111 Ga. 855 (1) (36 SE 939) (1900).

The Official Code of Georgia Annotated was, however, adopted effective November 1, 1982, a few weeks after the Lawsons filed suit in Stephens County. The statute corresponding to Code Ann. § 94-1101, OCGA § 46-1-2, was modified in several ways, one of which forms the issue in the present appeal. OCGA § 46-1-2 (c) provides: "Any railroad or electric company *may be* sued by anyone whose person or property has been injured by such railroad or electric company, or by its officers, agents, or employees, for the purpose of recovering damages for such injuries, in the county in which the cause of action originated; and actions on all contracts shall be brought in the county in which the contract in question is made or is to be performed. If the cause of action arises in a county where the railroad or electric company liable to suit has no agent, service may be perfected by the issuance of a second original, to be served upon the company in the county of its principal office and place of business, if in this state, and if not, on any agent of such company. In the alternative, if the company has no agent in the county where the cause of action arises, an action may be brought in the county of the residence of such com-

pany." (Emphasis supplied.) OCGA § 46-1-2 (d) involves, inter alia, the proper venue in an action against a railroad company to set aside a specified unlawful act of acquisition of a competing railroad company's line of railroad. OCGA § 46-1-2 (e) provides: "In any cause of action described in this Code section, any judgment rendered in any county other than the one designated in this Code section shall be void."

The Lawsons voluntarily dismissed their suit in Stephens County without prejudice after the adoption of the Code containing the foregoing modified venue provision. The present suit was refiled within six months, but this time in Fulton County where appellant's registered agent for service within the state is located. The filing of this suit in Fulton County was apparently undertaken in light of the foregoing modification of the venue provisions codified in OCGA § 46-1-2 (c). Notwithstanding appellant's arguments to the contrary, we agree with the trial court that the venue modification contained in OCGA § 46-1-2 (c) changed the venue in a suit against a railroad company by anyone whose person or property has been injured *from mandating* that suit be brought in the county where the injury occurred *to allowing* such suit where the injury arose.

In addressing the question of mandatory or permissive special venue statutes in the context of tort suits against motor common carriers, the court in *Modern Coach Corp. v. Faver*, 87 Ga. App. 221 (73 SE2d 497) (1952), contrasted the provisions of Code Ann. § 94-1101 employing "shall" with the pertinent venue statute applicable to tort suits against motor common carriers, Code Ann. § 68-618 (now OCGA § 46-7-17 (b)) using "may." The court distinguished the terms in the following manner: "There is quite a difference in the use of the verb *'shall be'* in a statute and in the use of the verb *'may be.'* The former is mandatory and admits of no choice. The latter is permissive. Therefore, under the motor common carrier law, a motor carrier . . . 'may be' sued in the county where the cause of action originated or may be sued [pursuant to the pertinent general corporate venue statute]. This is so, regardless of whether the motor carrier has an agent in the jurisdiction wherein the cause of action originated." Id. at 225. Now that under our present law, OCGA § 46-1-2 (c), in effect at the time the suit was filed in Fulton County, the verb "may be" is used, the holding and rationale in *Modern Coach Corp. v. Faver*, supra, are applicable. Venue for the Lawsons' suit against appellant Southern Railway and the other resident defendants of Stephens County would be proper in Stephens County under OCGA § 46-1-2 (c) or OCGA § 14-2-63 (d) where the cause of action originated or in Fulton County under the general pertinent corporate venue statute, OCGA § 14-2-63 (b). See generally *Central Ga. Power Co. v. Stubbs*, 141 Ga. 172 (1) (80 SE 636) (1913). On the question of exclusive jurisdiction afforded

by special venue statutes see generally *Glover v. Donaldson*, 243 Ga. 479 (254 SE2d 857) (1979); *McCall v. Central of Ga. R. Co.*, 120 Ga. 602 (48 SE 157) (1904); *Jahncke Service v. Dept. of Transp.*, 134 Ga. App. 106 (3) (213 SE2d 150) (1975). See also *Southern R. Co. v. Wooten*, 110 Ga. App. 6 (2, 3) (137 SE2d 696) (1964).

Additionally, we find that the Lawsons' suit in Fulton County is not barred by the statute of limitation. "It is settled that OCGA § 9-2-61 in granting the right to renew within six months, forms an exception to the statute of limitations, and has no reference to the subject of venue. The new action may be brought in any county having jurisdiction thereof in this State. Thus, a suit which is voluntarily dismissed after the statutory period of limitation has passed may be refiled *in the correct county.*" (Citations and punctuation omitted.) *Hornsby v. Hancock*, 165 Ga. App. 543, 544 (301 SE2d 900) (1983). See *Cox v. Strickland*, 120 Ga. 104 (4) (47 SE 912) (1904); *Fowler v. Aetna Cas. &c. Co.*, 159 Ga. App. 190 (3) (283 SE2d 69) (1981); *Keramidas v. Dept. of Human Resources*, 147 Ga. App. 820 (1) (250 SE2d 560) (1978). As we have found Fulton County to be an appropriate forum for the Lawsons' suit against appellant at the time it was filed, there is no merit to an assertion that the suit is barred by the statute of limitation. Further, our foregoing decision on the present permissive nature of the venue statute at issue obviates any need to address the question of whether a parent's action against a railroad company for the wrongful death of a child is even included within the meaning of the terms of OCGA § 46-1-2 (c) as a suit against a railroad company "by anyone whose person or property has been injured by such railroad . . . company."

3. Appellant's final enumeration of error challenges the trial court's finding that Count II of the Lawsons' complaint alleging fraud, deceit and conspiracy sounds in tort. Appellant contends that, instead, such is an action arising on a contractual release and is, thus, subject to the special venue provision for contracts which remained in force in OCGA § 46-1-2 (c). We again agree with the trial court that Count II of the Lawsons' complaint is an independent action in tort. See *Plough Broadcasting Co. v. Dobbs*, 163 Ga. App. 264 (293 SE2d 526) (1982); *Diana v. Monroe*, 132 Ga. App. 669 (2) (209 SE2d 70) (1974); *Aderhold v. Zimmer*, 86 Ga. App. 204 (1) (71 SE2d 270) (1952).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 22, 1985.

*Emory F. Robinson*, for appellant.
*Clark H. McGehee, William C. Lanham, John C. Fowler,*

*Weymon H. Forrester, James E. Brim III*, for appellees.