## 71022. McCORMICK v. RISSANEN.
(340 SE2d 268)

POPE, Judge.

Healthdyne, Inc. brought suit against Fred T. Sullivan and appellee Jouko J. Rissanen, seeking damages pursuant to an aircraft lease agreement. Appellee answered and counterclaimed inter alia for damages resulting from alleged tortious activity on the part of appellant Thomas G. McCormick as agent of Healthdyne during his service of the complaint upon appellee. Appellee also filed a third-party complaint against appellant individually seeking damages as a result of the purported tortious conduct. This interlocutory appeal arises from the trial court's denial of appellant's motion to dismiss appellee's third-party complaint.

Appellant contends that appellee's third-party complaint against him is not cognizable under OCGA § 9-11-14. We agree. This issue is controlled by the holding in *Automated Med. Svcs. v. Holland*, 166 Ga. App. 57 (4) (303 SE2d 127) (1983). As in that case, the subject third-party complaint affirmatively discloses that appellee seeks to impose direct liability upon appellant, not secondary liability as required by statute in such an action. OCGA § 9-11-14 (a); *Munday v. State Farm Fire & Cas. Co.*, 172 Ga. App. 382 (1) (323 SE2d 193) (1984), and cits. See also *ADBE Distrib. Co. v. Hundred East Credit Corp.*, 156 Ga. App. 787 (9) (275 SE2d 347) (1980). Appellee's action against appellant in this case can only be fairly regarded as related to the counterclaim. As such, it requires an order by the trial court pursuant to OCGA § 9-11-13 (h) joining appellant as a party whose presence is required for the granting of complete relief in the determination of the counterclaim, assuming jurisdiction can be obtained. *Wolski v. Hayes*, 144 Ga. App. 180 (240 SE2d 720) (1977). However, it is apparent from the record that the only issue addressed by the trial court was the propriety vel non of appellee's claim against appellant as a third-party complaint. In light of the foregoing discussion, the court's ruling in this regard was erroneous and, accordingly, must be reversed.

Nevertheless, we note in passing that our decision here does not preclude appellee from filing appropriate pleadings asserting his claim against appellant and seeking to have appellant made a party to this case pursuant to OCGA § 9-11-13 (h). If upon consideration of such matter the trial court should determine that jurisdiction and/or venue of such counterclaim is improper (see, e.g., *Pemberton v. Purifoy*, 128 Ga. App. 892 (2) (198 SE2d 356) (1973)), an appropriate order pursuant to the Uniform Transfer Rules, 251 Ga. 893 (1984), may be taken. See *Southern R. Co. v. Lawson*, 174 Ga. App. 101 (1) (329 SE2d 288) (1985), and cits. But see Ellington & Gary, *Trial Practice and Procedure* (Part I), 36 Mercer L. Rev. 347 (1984).

*Judgment reversed. Deen, P. J., concurs. Beasley, J., concurs and concurs specially.*

BEASLEY, Judge, concurring and concurring specially.

I concur fully in the opinion but do not wish to give the impression that I agree wholly with the opinion of Ellington and Gary in their law review article, with respect to the interpretation or proposed application of the Uniform Transfer Rules. The Constitution of Georgia plainly and broadly states that *any* civil case shall be transferred to the appropriate court when it is determined that jurisdiction or venue lies elsewhere. Const. of Ga., Art. VI, Sec. I, Par. VIII. It appears that the purpose is to avoid dismissal and refiling, delay and costs. Why would this not apply to counterclaims as well?

DECIDED JANUARY 31, 1986.

*Philip S. Coe, Laurie Webb Daniel,* for appellant.
*Lewis M. Groover, Jr., Michael R. Carey, F. Carlton King, Jr.,* for appellee.