S97A0767. CAMPBELL v. DEPARTMENT OF CORRECTIONS.
(490 SE2d 99)

HUNSTEIN, Justice.

Kimberly Campbell filed this tort action against the Department of Corrections (DOC) in Fulton County Superior Court asserting venue was proper in Fulton County pursuant to Art. VI, Sec. II, Par.

VI (Ga. Const. 1983), the constitutional venue provision providing for venue in the county of residence of the defendant. DOC moved to transfer the action to Baldwin County claiming venue is controlled by OCGA § 50-21-28, the venue provision of the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., (GTCA), which provides that venue for tort actions against the State is in the county where the loss occurred. DOC also filed a motion seeking sanctions against Campbell for having filed her suit in Fulton County. The trial court granted both motions, transferring the action to Baldwin County and ordering Campbell to pay DOC's attorney fees. The trial court certified its order for immediate review and we granted Campbell's application for interlocutory appeal to consider her constitutional challenge to OCGA § 50-21-28 and the trial court's award of attorney fees. Because we find that OCGA § 50-21-28 is constitutional and provides the exclusive venue for this GTCA action against DOC, we affirm the trial court's order transferring this case to Baldwin County. However, we reverse the award of attorney fees pursuant to OCGA § 9-15-14.

1. OCGA § 50-21-28 provides "[a]ll tort actions against the state under [the GTCA] shall be brought in the state or superior court of the county wherein the loss occurred." Campbell contends that this statute is unconstitutional because it contravenes the constitutional provision providing for venue in certain civil actions in the county where the defendant resides. See Art. VI, Sec. II, Par. VI. Relying on *Hoffman v. Dept. of Corrections*, 218 Ga. App. 363 (460 SE2d 882) (1995), Campbell argues that DOC is a resident of Fulton County and venue over DOC is proper in Fulton County pursuant to Art. VI, Sec. II, Par. VI. DOC contends that OCGA § 50-21-28 is a permissible limitation of venue because the State has constitutional authority to make a limited waiver of sovereign immunity subject to the terms and conditions set forth in the GTCA. See Art. I, Sec. II, Par. IX (a).

Although this Court has not before been called upon to consider the constitutionality of OCGA § 50-21-28, a comparable statutory venue provision was subjected to an identical constitutional challenge in *Glover v. Donaldson*, 243 Ga. 479 (254 SE2d 857) (1979). In that case, Glover filed suit against MARTA and other joint tortfeasors in DeKalb County, the county of residence of one joint tortfeasor, as authorized by the joint tortfeasor venue provision of the 1976 Georgia Constitution, then contained in Code Ann. § 2-4304.[1] The DeKalb Superior Court dismissed the action finding

---

[1] Code Ann. § 2-4304, the predecessor to Art. VI, Sec. II, Par. IV of the current constitution, provided that "[s]uits against joint obligors, joint promisors, co-partners, or joint trespassers, residing in different counties may be tried in either county." The phrase "joint trespassers" referred to joint tortfeasors as well. *Southern R. Co. v. City of Rome*, 179 Ga. 449, 456 (176 SE 7) (1934).

venue for actions against MARTA was proper only in Fulton County pursuant to a venue provision contained in the MARTA Act, Ga. L. 1965, pp. 2243, 2265, § 10 (t), which act, inter alia, conditionally waived MARTA's sovereign immunity from liability in tort. Id. at pp. 2253, § 8 (a) and 2275, § 22. Like the case at bar, Glover argued that the statutory venue provision was unconstitutional because it contravened the Constitution's joint tortfeasor venue provision, and MARTA contended that the act's venue provision was a constitutional term and condition upon which the State consented to be sued. *Glover*, supra. This Court held that the statutory venue provision could not be used to narrow the scope of the Constitution's joint tortfeasor venue provision after analyzing the MARTA Act's waiver of sovereign immunity and finding that waiver was "not in any way conditioned on the [venue] limitation."[2] Id. at 481. Although involving a challenge to a different statutory venue provision, the analysis of *Glover* is applicable to Campbell's challenge to OCGA § 50-21-28 and, under that analysis, the constitutionality of OCGA § 50-21-28 depends upon whether the State's waiver of immunity in the GTCA is conditioned on the limitation of venue provided in the statute.

Article I, Section II, Paragraph IX (a) authorizes the General Assembly to provide in the GTCA "for procedures for the making, handling, and disposition of actions or claims against the state . . ., upon such terms and subject to such conditions and limitations as the General Assembly may provide." Pursuant to this constitutional authority, in 1992 the General Assembly waived the State's sovereign immunity "subject to all exceptions and limitations set forth in [the GTCA]," OCGA § 50-21-23 (a), and "only to the extent and in the manner provided in [the GTCA]." OCGA § 50-21-23 (b).[3] See also OCGA § 50-21-21 (a) (indicating General Assembly's intent that "the state shall only be liable in tort actions within the limitations" of the GTCA) and OCGA § 50-21-25 (a) (GTCA "constitutes the exclusive

---

[2] Both § 8 (a) and § 22 of the MARTA Act waive sovereign immunity only on the condition of a delayed execution after judgment. See Ga. L. 1965, p. 2253, § 8 (a) ("[t]he Authority may sue or be sued in its corporate name but no execution shall be levied on any property of the Authority prior to ninety (90) days from the date of a final judgment against the Authority"); Ga. L. 1965, p. 2275, § 22 ("[t]he Authority shall not enjoy governmental immunity from tort liability, but shall be liable therefore as any private corporation except that no execution shall be levied on any property of the Authority prior to ninety (90) days from the date of a final judgment against the Authority").

[3] Art. I, Sec. II, Par. IX (e) further emphasizes the power of the General Assembly to condition its waiver of sovereign immunity by providing:

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

remedy for any tort committed by a state officer or employee"). Unlike the venue statute in *Glover*, it is apparent that the waiver of immunity contained in the GTCA is expressly conditioned on the venue limitation provided in OCGA § 50-21-28 and is a term and condition upon which the State has consented to be sued. Compare *Glover*, supra; *Gault v. Nat. Union Fire Ins. Co.*, 208 Ga. App. 134 (4) (430 SE2d 63) (1993); see *Williams v. Lawler Hosiery Mills*, 212 Ga. 617 (5) (94 SE2d 699) (1956) (as the waiver of sovereign immunity is voluntary on the part of the State, it may prescribe the terms and conditions on which it consents to be sued). While it is axiomatic that a statute standing alone may not contravene a constitutional provision, *Glover*, supra, 243 Ga. at 482, OCGA § 50-21-28 is the implementation of a constitutional amendment authorizing not only the adoption of the GTCA but also the limitation on the waiver of sovereign immunity contained therein. Accordingly, we find the enactment of OCGA § 50-21-28 to be a valid exercise of the General Assembly's constitutional authority pursuant to Art. I, Sec. II, Par. IX (a).

2. Because we find OCGA § 50-21-28 to be an express condition of the State's waiver of sovereign immunity, we hold that § 50-21-28 establishes the proper venue in actions brought under the GTCA and against the State as the sole defendant.[4] This conclusion is supported by the long line of cases holding that special venue statutes control where, as here, they use the term "shall" instead of the permissive use of "may." See *Summers v. Southern R. Co.*, 118 Ga. 174 (45 SE 27) (1903); *Devereux v. Atlanta R. &c. Co.*, 111 Ga. 855 (1) (36 SE 939) (1900); *Southern R. Co. v. Lawson*, 174 Ga. App. 101, 102 (2) (329 SE2d 288) (1985); *Modern Coach Corp. v. Faver*, 87 Ga. App. 221, 225-227 (1) (73 SE2d 497) (1952); *DeLoach v. Southeastern Greyhound Lines*, 49 Ga. App. 662 (176 SE 518) (1934). Campbell's reliance on *Jahncke Service v. Dept. of Transp.*, 134 Ga. App. 106 (213 SE2d 150) (1975), for the proposition that special venue statutes are not exclusive is misplaced as the court in *Jahncke* failed to recognize this body of case law.

3. Campbell contends the trial court erred in awarding attorney fees to DOC pursuant to OCGA § 9-15-14. We agree. Campbell's constitutional challenge of OCGA § 50-21-28 was based on the apparent conflict between the statute and the venue provision of Art. VI, Sec. II, Par. VI. Because the constitutionality of OCGA § 50-21-28 had not previously been determined and Campbell's challenge was arguably supported by the language of Art. VI, Sec. II, Par. VI in conjunction

---

[4] We do not here consider whether OCGA § 50-21-28 provides the exclusive venue where the "joint tortfeasor" provision of the state constitution is implicated. See Ga. Const. of 1983, Art. VI, Sec. II, Par. IV.

with *Hoffman,* supra, we find the award of attorney fees as sanctions under OCGA § 9-15-14 was error. See *Ellis v. Johnson,* 263 Ga. 514 (2) (435 SE2d 923) (1993).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*Zimring, Ellin & Miller, Jonathan Zimring, McClure & McClure, Kathie G. McClure,* for appellant.

*Thurbert E. Baker, Attorney General, Diane F. LaRoss, Assistant Attorney General, Hicks, Maloof & Campbell, Bruce M. Edenfield,* for appellee.

*E. R. Lanier,* amicus curiae.