S00A1331. DEAN et al. v. TABSUM, INC. et al.

(536 SE2d 743)

Sears, Justice.

The issue raised in this granted interlocutory appeal is whether OCGA § 50-21-28, which provides that venue under the Georgia Tort Claims Act (GTCA)[1] is in the county where the loss occurred, is unconstitutional because it conflicts with the joint tortfeasor venue provision of the Georgia Constitution.[2] We conclude that the rationale of our decisions in *Campbell. v. Dept. of Corrections*[3] and *Glover v. Donaldson*[4] requires that we hold that the venue limitation set forth in OCGA § 50-21-28 is constitutional because it is a valid exercise of the General Assembly's constitutional authority to set the conditions of the State's waiver of sovereign immunity.

The appellant, Brenda Dean, is the surviving spouse of Charles Dean and administratrix of his estate. In January 1997, Charles Dean died as a result of an accident that occurred while he was driving his pick-up truck in Pickens County, Georgia. Ms. Dean filed the present action against Tabsum, Inc., J.M. Huber Corporation, and the Georgia Department of Transportation (the "DOT"). The complaint alleged, among other things, that Tabsum and Huber, which own commercial property along the highway where the accident occurred, had negligently caused a dangerous area of standing water to accumulate on that part of the highway, and that the DOT had negligently designed the drainage system where the highway in question intersected the driveway of Tabsum's and Huber's property. Ms. Dean initially filed the action in Fulton State Court, based upon her belief that Tabsum and Huber had their registered offices there. When Ms. Dean learned that Tabsum and Huber had their registered offices in Cobb County, she moved the Fulton State Court to transfer the case to Cobb County. The DOT, however, filed its own motion to transfer, contending that the Tort Claims Act placed venue of the action in Pickens County, where the loss occurred. See OCGA § 50-21-28.[5] The Fulton State Court granted the DOT's motion to transfer.

---

[1] OCGA § 50-21-20 et seq.

[2] Art. VI, Sec. II, Par. IV of the 1983 Ga. Constitution.

[3] 268 Ga. 408 (490 SE2d 99) (1997).

[4] 243 Ga. 479 (254 SE2d 857) (1979).

[5] OCGA § 50-21-28 provides as follows:

All tort actions against the state under this article shall be brought in the state or superior court of the county wherein the loss occurred; provided, however, that, in any case in which an officer or employee of the state may be included as a defendant in his individual capacity, the action may be brought in the county of residence of such officer or employee. All actions against the state for losses sustained in any other state shall be brought in the county of residence of any officer or employee residing in this state upon whose actions or omissions the claim against the state is based.

Ms. Dean then filed a motion in Pickens Superior Court for the case to be transferred to Cobb County State Court. She contended that Art. VI, Sec. II, Par. IV of the Georgia Constitution[6] permitted her to file the action in the county of residence of any of the joint tortfeasors, and that the constitutional provision took priority over the statutory venue provision of the Tort Claims Act. The Pickens Superior Court denied Ms. Dean's motion, ruling that § 50-21-28 controlled over the joint tortfeasor venue provision "because the waiver of immunity contained in the [Tort Claims Act] is expressly conditioned on the venue limitation of OCGA § 50-21-28 and is a term and condition upon which the State has consented to be sued. *Campbell v. Dept. of Corrections*, 268 Ga. 408." The trial court certified its order for immediate review, and this appeal stems from the grant of Ms. Dean's application for interlocutory appeal.

In *Campbell*, this Court addressed an issue similar, but not identical, to the issue raised in this case. Campbell filed a tort action against the Georgia Department of Corrections in the Department's county of residence. In doing so, Campbell relied upon the constitutional venue provision providing for venue in the county of residence of the defendant.[7] The Department, on the other hand, contended that OCGA § 50-21-28 required that it be sued in the county where the loss occurred, and the Department filed a motion to transfer the case to the county of loss. In response, Campbell contended that the statutory venue provision of § 50-21-28 was unconstitutional because it conflicted with the constitutional venue provision providing that certain actions had to be filed in the defendant's county of residence. The trial court agreed with the Department, and transferred the case to the county where the loss occurred.

On interlocutory appeal, this Court affirmed. We concluded that the analysis set forth in *Glover v. Donaldson* was applicable to Campbell's case, and controlled the case adversely to her. In *Glover*, Glover filed a tort action against the Metropolitan Atlanta Rapid Transit Authority ("MARTA") in DeKalb County, the county of residence of one of MARTA's joint tortfeasors. In doing so, Glover relied on the same constitutional venue provision governing joint tortfeasors that Ms. Dean relies on in the present case. Relying on a venue provision in the MARTA Act that provided that venue in actions against MARTA was proper only in Fulton County, MARTA contended that venue was improper in DeKalb County.[8] In response, Glover con-

---

[6] Art. VI, Sec. II, Par. IV provides that "[s]uits against joint obligors, joint tort-feasors, joint promisors, copartners, or joint trespassers residing in different counties may be tried in either county."

[7] Art. VI, Sec. II, Par. VI of the 1983 Ga. Constitution.

[8] *Glover*, 243 Ga. at 480.

tended that the venue provision of the MARTA Act was unconstitutional because it contravened the constitutional venue provision governing joint tortfeasors. MARTA, on the other hand, contended that the MARTA venue provision controlled because it was a constitutional term and condition upon which the State consented to be sued.[9] This Court ruled against MARTA, concluding that the State's waiver of sovereign immunity was not conditioned upon the venue provision in the MARTA Act.[10]

Applying the *Glover* analysis in *Campbell*, we concluded that Campbell's constitutional challenge to § 50-21-28 turned on whether "the State's waiver of immunity in the GTCA is conditioned on the limitation of venue provided in the statute."[11] Based on our review of the relevant constitutional and statutory provisions concerning the GTCA, we concluded that "[u]nlike the venue statute in *Glover*, it is apparent that the waiver of immunity contained in the GTCA is expressly conditioned on the venue limitation provided in OCGA § 50-21-28 and is a term and condition upon which the State has consented to be sued."[12] We also held that "[w]hile it is axiomatic that a statute standing alone may not contravene a constitutional provision, OCGA § 50-21-28 is the implementation of a constitutional amendment authorizing not only the adoption of the GTCA but also the limitation on the waiver of sovereign immunity contained therein."[13] We therefore held that the venue provision of the Tort Claims Act was not unconstitutional for the reason asserted by Campbell, that § 50-21-28 established the proper venue for "actions brought under the [Tort Claims Act] and against the State as the sole defendant,"[14] and that this holding was supported by a long line of cases that hold that special venue provisions control "where, as here, they use the term 'shall' instead of the permissive use of 'may.' "[15]

Although we stated in *Campbell* that we were not addressing the issue presented by the instant case – "whether § 50-21-28 provides the exclusive venue where the 'joint tortfeasor' provision of the state constitution is implicated,"[16] – we conclude that the rationale of *Campbell* is equally applicable to the joint tortfeasor venue provision of the constitution. Simply stated, in *Campbell* we held that § 50-21-28 was constitutional because the State's waiver of sovereign immunity was expressly conditioned on the venue limitation codified in it.

---

[9] *Glover*, 243 Ga. at 481.

[10] *Glover*, 243 Ga. at 481-482.

[11] *Campbell*, 268 Ga. at 410.

[12] *Campbell*, 268 Ga. at 411.

[13] (Citations omitted.) *Campbell*, 268 Ga. at 411.

[14] *Campbell*, 268 Ga. at 411.

[15] Id.

[16] *Campbell*, at 411, n. 4.

That holding is applicable here, and requires that we hold that § 50-21-28 is constitutional even though it is inconsistent with the joint tortfeasor venue provision of the constitution. Moreover, because we held in *Campbell* that § 50-21-28 is a special venue provision that is controlling and exclusive because of its use of the word "shall," we now hold that it establishes the proper venue in tort actions against the State even when the State is not the sole tortfeasor. Accordingly, Dean must sue the DOT in Pickens County, where the loss occurred, and Pickens County will then become the DOT's county of residence for purposes of this lawsuit.[17]

For the foregoing reasons, we affirm the trial court's ruling that OCGA § 50-21-28 is constitutional.

*Judgment affirmed. All the Justices concur, except Benham, C. J., and Carley, J., who dissent.*

CARLEY, Justice, dissenting.

The majority makes this case appear more complex than it really is. The majority concludes that this Court's recent decision in *Campbell v. Dept. of Corrections*, 268 Ga. 408 (490 SE2d 499) (1997), should control as to the interpretation of OCGA § 50-21-28, which statute is the implementation of Art. I, Sec. II, Par. IX (e) (Ga. Const. 1983). I agree with the majority that *Campbell* controls, but only to the extent of its holding. In *Campbell*, the plaintiff contended that the Department of Corrections resided in Fulton County and could be sued in Fulton County. However, this Court held "that § 50-21-28 establishes the proper venue in actions brought under the GTCA and *against the State as the sole defendant*." (Emphasis supplied.) *Campbell v. Dept. of Corrections*, supra at 411. We then specifically stated that "[w]e do not here consider whether OCGA § 50-21-28 provides the exclusive venue where the 'joint tortfeasor' provision of the state constitution is implicated. See Ga. Const. of 1983, Art. VI, Sec. II, Par. IV." *Campbell v. Dept. of Corrections*, supra at 411, n. 4. In *Campbell*, the state agency was the sole defendant and had to be sued where the loss occurred. Here, the majority says that DOT must sue in Pickens County "where the loss occurred, and Pickens County will then become DOT's county of residence for purposes of this lawsuit." I agree that, pursuant to the holding in *Campbell*, Pickens County is deemed to be DOT's county of residence for the purpose of this lawsuit. However, unlike *Campbell*, the plaintiff in this case sued two defendants in addition to DOT. Thus, this action was not brought "against the State as the sole defendant." *Campbell*, supra at 411. Therefore, under Art. VI, Sec. II, Par. IV, the plaintiff could

---

[17] See *C. W. Matthews Contracting Co. v. Barnett*, 219 Ga. App. 763, 764-765 (466 SE2d 657) (1996).

bring the lawsuit either in Pickens County, the county of the "residence" of DOT or in Cobb County, the county of the residence of the joint tortfeasors. Plaintiff chose the latter, and under our Georgia Constitution, the plaintiff had the right to do just that.

I would reverse the judgment of the trial court.

I am authorized to state that Chief Justice Benham joins in this dissent.

DECIDED OCTOBER 2, 2000.

*Falanga & Chalker, Robert A. Falanga, Allen E. Bates*, for appellants.

*Drew, Eckl & Farnham, Bruce A. Taylor, Jr., Thurbert E. Baker, Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Robert C. Edwards, Assistant Attorney General*, for appellees.

*Mark L. Stuckey*, amicus curiae.