A03A1975. GONZALEZ v. DEPARTMENT OF TRANSPORTATION.
(594 SE2d 783)

MIKELL, Judge.

The facts relevant to this appeal are undisputed. Anastacio E. Barrera died as a result of injuries sustained in a vehicular collision with James Claude Cook. Barrera's surviving spouse, Alicia Gonzalez, a resident and a citizen of Mexico, filed a wrongful death action against the Georgia Department of Transportation ("DOT") under the Georgia Tort Claims Act ("GTCA"),[1] alleging that the collision occurred due to the DOT's negligence. Asserting that Gonzalez lacked standing to maintain the action because she is a nonresident alien, the DOT moved for summary judgment. The trial court agreed and granted the motion. We affirm.

OCGA § 1-2-10 permits foreign citizens to sue in Georgia courts, as long as reciprocal rights of comity are granted to our citizens.[2] OCGA § 1-2-11 (b) governs the rights of aliens: "Aliens who are subjects of governments at peace with the United States and this state . . . shall be entitled to all the rights of citizens of other states who are temporarily in this state. . . ." In *AT&T Corp. v. Sigala*,[3] our Supreme Court construed these Code sections to mean that the right to maintain suit in Georgia extends only to aliens who reside within the United States.[4]

> Neither the United States Constitution nor the Georgia Constitution guarantees the same protections to aliens living outside this country that it gives citizens and aliens living within the borders of the United States. The [United States] Supreme Court has explained that it is the alien's presence within the territorial jurisdiction of the United States that gives the judiciary the power to extend constitutional protections beyond citizens to aliens. Given the importance of an alien's presence as a resident within this country

---

[1] OCGA § 50-21-20 et seq.

[2] OCGA § 1-2-10 provides: "The citizens of other states of the United States or of foreign states at peace with this state shall, by comity, be allowed the privilege of suing in the courts of this state and of giving evidence therein, as long as the same comity is extended in the courts of the other states to the citizens of this state."

[3] 274 Ga. 137 (549 SE2d 373) (2001).

[4] Id. at 140.

to invoke the rights guaranteed to citizens, we conclude that OCGA §§ 1-2-10 and 1-2-11 apply to citizens of foreign countries who are residing within the United States and do not extend to nonresident aliens.[5]

*AT&T Corp.* cited *Barge-Wagener Constr. Co. v. Morales*,[6] in which the Court rejected a constitutional challenge to a now-repealed workers' compensation statute limiting death benefits payable to nonresident alien dependents to $1,000.[7] The Court held that the equal protection clause of the Georgia Constitution does not extend to nonresident aliens.[8]

Aliens outside the borders of the United States are subject to their own nations' laws and cannot invoke the protections reserved for citizens and residents of the United States. OCGA § 34-9-265 (b) (5) surely discriminates against Mr. Morales'[s] family in Mexico, but it is not unlawful. They must settle for what the legislature of this state is willing to provide.[9]

The legislature has granted the state and its agencies broad immunity from suit. The Georgia Constitution provides in relevant part: "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."[10] Accordingly, suits are permitted exclusively under the provisions of the GTCA.[11] In this regard, OCGA § 50-21-28 mandates that "[a]ll tort actions against the state under this article shall be brought in the state or superior court of the county wherein the loss occurred." The Supreme Court has determined that "the waiver of immunity contained in the GTCA is expressly conditioned on the venue limitation provided in OCGA § 50-21-28 and is a term and condition upon which the State has consented to be sued."[12] Moreover, the venue limitation has passed constitutional scrutiny.[13]

The GTCA's venue limitation, coupled with the holding in *AT&T Corp.* that the rights afforded to foreign citizens under OCGA §§ 1-2-

---

[5] (Footnotes omitted.) Id.

[6] 263 Ga. 190 (429 SE2d 671) (1993).

[7] Former OCGA § 34-9-265 (b) (5).

[8] *Barge-Wagener Constr. Co.*, supra at 192 (2), citing Ga. Const. 1983, Art. I, Sec. I, Par. II.

[9] *Barge-Wagener Constr. Co.*, supra.

[10] Ga. Const. 1983, Art. I, Sec. II, Par. IX (e).

[11] OCGA § 50-21-25 (a).

[12] *Campbell v. Dept. of Corrections*, 268 Ga. 408, 411 (1) (490 SE2d 99) (1997).

[13] *Dean v. Tabsum, Inc.*, 272 Ga. 831 (536 SE2d 743) (2000).

10 and 1-2-11 do not apply to nonresident aliens, render Gonzalez unable to maintain an action against the DOT. She argues that the Supreme Court's ruling in *AT&T Corp.* was obiter dictum, but this argument mischaracterizes the holding. The Court in *AT&T Corp.* determined that the doctrine of forum non conveniens applies to lawsuits brought by nonresident aliens who suffer injuries on foreign soil, and it held that trial courts possess inherent authority to dismiss such lawsuits.[14] The Court thus reversed the denial of the defendant's motion to dismiss actions brought in Fulton County by Venezuelan nationals as a result of a gas pipeline explosion in Venezuela that killed 50 people and injured many others.[15] The plaintiffs in *AT&T Corp.* had claimed the right to maintain suit under §§ 1-2-10 and 1-2-11, and the Court "reject[ed] the plaintiffs' argument that the Georgia statutes concerning the rights of aliens gives Venezuelan citizens an equal right of access to our state courts."[16] "Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication."[17] The Court's determination was essential to resolution of the case and may not be dismissed as obiter dictum.

Gonzalez additionally argues that the Supreme Court in *AT&T Corp.* did not contemplate a result that left the plaintiffs remediless since the defendant was subject to suit elsewhere. But our Supreme Court has held that "any waiver of sovereign immunity is a mere privilege, not a right, and the extension of that privilege is solely a matter of legislative grace."[18] Whether to grant a waiver under the circumstances presented by this case is a decision that rests with the legislature, not this Court. It follows that the trial court correctly determined that a nonresident alien may not maintain an action against the DOT under the GTCA.

*Judgment affirmed. Johnson, P. J., concurs. Eldridge, J., concurs in judgment only.*

DECIDED FEBRUARY 13, 2004 

*Grist & Brock, Joel M. Grist, Jr.,* for appellant.

---

[14] *AT&T Corp.*, supra at 139.

[15] Id. at 137.

[16] (Footnote omitted.) Id. at 140.

[17] (Citation and punctuation omitted.) *Metro. Property &c. Ins. Co. v. Crump*, 237 Ga. App. 96, 98-99 (513 SE2d 33) (1999).

[18] (Citation and punctuation omitted.) *CSX Transp. v. City of Garden City*, 277 Ga. 248, 250 (1) (588 SE2d 688) (2003).

*Thurbert E. Baker, Attorney General, Bryan F. Dorsey*, for appellee.